## Lalonette's Heirs v. Lipscomb.

### Unlawful Detainer.

1. *Evidence of heirship ; what competent.* — In unlawful detainer by the heirs against one who entered under a lease from the administrator, they may introduce the record of his final settlement, on which they were represented as heirs, to prove heirship.

2. *Charge to jury ; what erroneous.* — Where there is *no evidence* of a particular fact the court may so instruct the jury, but such a charge should rarely if ever be given without hypothesis. The giving of a charge that " *there is no sufficient proof*" of a particular fact will not be upheld when all the evidence is not set out and there is nothing to show that the charge was not an invasion of the province of the jury.

APPEAL from Circuit Court of Baldwin.

Tried before Hon. JOHN ELLIOT.

The points decided are sufficiently stated in the opinion.

GIBBONS & PRICE, for appellant. — Lipscomb, though not a party, is a privy to the judgment, rendered on Hall's settlement. It was competent evidence to prove heirship as against him.

D. C. ANDERSON and ALEX. MCKINSTRY, *contra.* — Lipscomb could not have appeared or contested the heirship of plaintiffs on Hall's settlement. He is not privy to the judgment, nor bound by its recital of facts as to who the *heirs* were. 17 Ala. 681 ; 25 Ala. 161 ; 15 Ala. 609.

JUDGE, J. — This was an action of unlawful detainer instituted against the appellee by persons claiming to be the heirs at law of Antoine Lalonette, deceased.

One Gerald B. Hall had been appointed by the probate court of Baldwin county administrator of the estate of said Lalonette, and as such administrator had leased the premises sued for, as the property of the estate, to the defendant, for the year 1872.

Afterwards the said Hall made, in the probate court of Baldwin county, a final settlement of his administration of the estate, and was discharged therefrom.

[Lalonette's Heirs *v.* Lipscomb.]

The plaintiffs below were represented on that settlement as the heirs-at-law of the intestate, and decrees were made in their favor as such heirs, against the administrator.

On the trial of this cause the plaintiffs offered in evidence a transcript of the records of the probate court of Baldwin county, showing the appointment and settlement of said Hall as administrator of the estate, for the purpose of proving by the recitals of the record that they were the heirs-at-law of the intestate. On the objection of the defendant this evidence was excluded by the court as being incompetent for that purpose.

1. It is certainly true that, except as between parties and privies, a record is not evidence of the facts recited in it. The defendant rented from, and held under Hall, as the administrator of the estate, and was consequently a *privy in estate* with Hall as such administrator; and being such privy, the recitals in the record of Hall's settlement as to the heirship of the plaintiffs are evidence against the defendant to the same extent that they would be, in a proper case, against Hall himself. The court therefore erred in excluding the transcript as evidence.

2. A power of attorney — but the record does not show when, to whom, by whom, nor for what purpose, executed — was also offered in evidence by the plaintiffs, to prove by the recitals therein that they were the heirs-at-law of the said Antoine Lalonette, deceased. This evidence was objected to by the defendant, and properly excluded by the court.

3. The court, at the request of the defendant, gave to the jury the following charges : —

" 1. That there is no sufficient proof before the court and jury that the parties claiming the possession in this case are the heirs of Lalonette."

" 2. Although there were proof that the plaintiffs in the summons and complaint are the heirs of Lalonette, yet in that case they are not entitled to recover in this.action."

If all the evidence introduced on the trial had been set out in the record, and it appeared therefrom that there was *no evidence* in the cause showing, or tending to show, that the plaintiffs were the heirs-at-law of the deceased, Lalonette, we might hold that there was no error in the giving of the charge first above stated. In the language of DARGAN, C. J., in *Knox* v. *Fair* (17 Ala. 503), " when there is no evidence tending to prove a particular fact, the court may so instruct the jury, whether the evidence be oral or written." But we think such a charge should rarely, if ever, be given without hypothesis. The language of the charge in question implies that there was *some* proof of the fact of the heirship of the plaintiffs, by the

statement that it was not *sufficient*. There is nothing in the record to prevent the conclusion that this charge was a clear invasion of the province of the jury; the court therefore erred in giving it.

4. We cannot impute error to the court in giving the second charge. In the absence of the contrary appearing, we must presume that there was evidence to justify it. *Possession* being a necessary element of the case of the plaintiff, in every such action as the present, to the exclusion of all consideration of the question of *title*, it may be that this charge was predicated upon the idea, that the heir of the lessor, upon whom the law casts the ancestor's right, would not be entitled to maintain the action without he had been actually possessed of the premises. But upon this question we will express no opinion, as it is not directly presented by the record. *Devine* v. *Brown*, 35 Ala. 596 ; *McKeen* v. *Nelms*, 9 Ala. 507.

For the errors we have named let the judgment of nonsuit be set aside, and the cause remanded.