# Bishop *et al. v.* Lalouette's Heirs.

### *Statutory Real Action.*

1. *"Assets;" word, as used in the Code* (§ 2349), *includes land.*—The word "assets," as used in the statute (Code, § 2349), authorizing the grant of letters of administration on the estates of non-residents, who die, leaving "assets," in the county where such assets are left, includes land.

2. *Alien leaving assets in Alabama; what court administers.*—Letters of administration on the estate of a citizen, and resident of France, who died there, intestate, leaving assets in Alabama, consisting of land only, may be granted by the Probate Court of the county in which the land is situated

3. *Heirship; proved by decree of Probate Court on settlement of estate.*—In an action of ejectment, by the heirs of a decedent, against the lessees of the administrator, the record of the proceedings of the Probate Court showing the appointment of the administrator, and decrees against him, as such, in favor of the plaintiffs in ejectment, as heirs of such decedent—is admissible to prove the fact of such administration, and the heirship of the plaintiffs. (STONE, J., *dissenting,* held that the lessees of an administrator are estopped from denying the intestate's title to the demised premises, and, on the determination of the administration, can not dispute the title of the heir; but that record of the proceedings in the Probate Court, on the settlement of the administration, does not prove the fact of the heirship of the plaintiffs, in an action of ejectment to recover the land from the lessees, and is, as to them, illegal evidence.)

4. *Tenants may not dispute landlord's title.*—Tenants, and their privies in blood or estate, are estopped from denying the title of the landlord under whom they hold, or of one succeeding to his rights, so long as they continue the possession originally derived from him; and when sued for the possession of the demised premises by the landlord, or one succeeding to his rights, are precluded, as well after the termination, as during the continuation of the lease, from disputing the landlord's title, or from setting up an outstanding title in a stranger.

5. *Same; same.*—Where an administrator recovered, in ejectment, against persons who submitted to his claim as administrator, and subsequently paid him rent, such persons can not, in an action of ejectment for the same premises, brought against them by the heirs of the decedent, dispute the title of the heirs, or set up the fact that the lands have escheated to the State, so long as they continue in the possession derived from the administrator.

6. *Ejectment against several; practice as to judgment entry and assessment of damages.*—In an action of ejectment against several defendants, it is the better practice to have but one judgment entry, with the assessment of damages in severalty; but if the record shows a separate judgment against each defendant, the defect is a clerical error, which can be corrected in the appellate court.

APPEAL from Baldwin Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was a statutory real action, in the nature of an action of ejectment, brought by Rene Louis, Maxime Adrien, and Marie Octave Lalouette, and Gabrielle Morin, wife of Edward Morin, and Ann Delphine Chaudon, wife of Claude

Felix Chaudon, as the heirs of Antoine P. Lalouette, deceased, against Wm. Bishop, W. A. Lipscomb, G. W. Lantern, and A. C. Styron, to recover certain lands situated in Baldwin county, Alabama. On the trial, the plaintiffs offered in evidence the record of the Probate Court of Baldwin county, showing an order appointing G. B. Hall administrator of A. P. Lalouette, in 1861, and also the final decree of said court on the settlement of Hall's administration, in which it was recited, that Rene Louis Lalouette, and others (who were plaintiffs in this action), were the heirs of said A. P. Laloulette; that they appeared before said court, by their agent, C. Beroujon, had an account stated against the administrator, Hall, and decrees rendered in their favor against him; that said court revoked Hall's letters, and directed the land to be given to plaintiffs. The defendant objected to the introduction of this record, as irrelevant and incompetent evidence. The court overruled the objection, holding that it was admissible to show—1. Hall's appointment as administrator. 2. To show the final settlement of his administration. 3. To show that the plaintiffs, in this case, are the heirs of A. P. Lalouette. To this ruling of the court, the defendants excepted. The plaintiffs also proved that the defendants appeared as witnesses on the final settlement of Hall's administration, and testified as to money paid by them to Hall, as the rent of portions of the land sued for; that some of the defendants were also defendants in a suit brought by said Hall, as administrator, to recover possession of the land in controversy; that there was a judgment rendered in said suit, in favor of said administrator, at the Spring Term, 1867, of the Circuit Court of Baldwin county; that the defendants then leased the lands from Hall, as such administrator, and paid rent from that time until 1873, but had paid no rent since that time; that the defendants had occupied the lands during the whole time. They then proved the value of the use and occupation of the land.

The defendants offered evidence of the possession of several parcels of the land by themselves, and by those from whom they purchased, as far back as 1873. They admitted that they had submitted to Hall's claim as administrator, and had paid him rent. They testified that Hall claimed the land as escheated property, and at the time they submitted to his claim, it was understood that he would apply for an order to sell it, as escheated property, but that no such sale ever took place. They proved, also, that defendants, and persons from whom they had purchased portions of the land, had improved parts of it, before Hall claimed it

as administrator, and had claimed to own it; that A. P. Lalouette was an alien—a citizen of France—at the time of his death, and that plaintiffs were all natives of France, and domiciled there.   The defendants proved, in rebuttal, by official records from France, that A. P. Lalouette died in France April 9, 1855.   They proved, by the same records, his marriage in that country, the birth of the plaintiffs, who were proved to be his children, and the fact that they survived him, and resided in France.

The court charged the jury that "if they believed, from the evidence, that these plaintiffs are the children and heirs of A. P. Laloutte, deceased, and that Gerald B. Hall administered on the estate of said Lalouette, and, as administrator, rented the lands in question to the defendants, and defendants were tenants of said Hall, as administrator, then these defendants are estopped from denying the title of these plaintiffs, who stand in the place of said Hall, and are entitled to recover.   If you believe the defendants went into possession under Hall, as administrator, then the title of A. P. Lalouette is not in question before you."   The court also charged the jury that the act of February 21, 1870—being an act to carry into effect the consular convention between France and the United States—made the plaintiffs lawful heirs, and gave them inheritable blood, and the defendants are estopped from denying their right to inherit the lands, by their renting from Hall, as administrator.   Several charges were requested by the defendants, asserting the converse of these propositions, and that the plaintiffs took no title to the property, which, the charges asserted, had escheated to the State.   These charges the court refused to give, and defendants excepted to the refusal of each charge.

The jury brought in four verdicts, each in favor of the plaintiffs, and against the four defendants, respectively, and there was a separate judgment rendered against each one of them.   The admission of the record of the proceedings of the Probate Court of Baldwin county, the giving and refusal of the several charges, and the rendition of the four separate judgments, are assigned as error.

ANDERSON & BOND, and JOHN ELLIOTT, for appellants.—The Probate Court had no jurisdiction to grant letters of administration on Lalouette's estate, for there were no "assets" in Baldwin county, in the sense in which that word is used in the Code of 1852 (§ 1667); nor was there any privity of estate created between Hall and the children of Lalouette by and through his acts as administrator.   The transcript of the record of the proceedings in the Probate Court of Bald-

[Bishop et al. v. Lalouette's Heirs.]

win county, on the final settlement of Hall's administration, was clearly incompetent to prove that appellees were the heirs of A. P. Lalouette.

THOS. H. PRICE, for appellees.—The judgment in favor of Hall against these defendants, who became his tenants as administrator, is conclusive in this action, because of the privity between Hall, as administrator, and the appellees. 2 Brick. Dig. 203, § 45. If Hall were suing, appellants could not dispute his title.—*Hill v. Huckabee*, 52 Ala. 155. Appellants are concluded by the decree in the Probate Court against Hall.—*Lalouette v. Lipscomb*, 52 Ala. 570 ; *Powell v. Washington*, 15 Ala. 803 ; *Lamkin v. Heyer*, 19 Ala. 229 ; *Deslonde & James v. Darrington's Heirs*, 29 Ala. 92. A tenant can not deny his landlord's title.—*Russell v. Erwin, adm'r*, 38 Ala 44 ; *Clarke v. Clarke*, 51 Ala. 498. For this reason, also, the defendants can not defend on the ground that the land had escheated to the State.

SOMERVILLE, J.—The Code of 1852 (§ 1667) conferred on courts of probate authority to grant letters of administration within their respective counties, among other contingencies, "where the intestate, not being an inhabitant of the State, dies out of the county, leaving *assets* therein"—the same provision occurring in section 2349 of the present Code (1876). The word "assets," as here used, includes both *real* and *personal* assets, and, therefore, comprehends land or real estate, according to its ordinary signification. 1 Bouv. Law Dic. title Assets. Such property was and is expressly charged, by statute, with the payment of the decedent's debts, and is estimated in fixing the penalty of the administrator, or executor's bond.—Code 1852, §§ 1737, 1683. The rents were lawfully collectable by the personal representative, and he could maintain ejectment for it, then as now.—§ 1751 ; 1 Brick. Dig. p. 625, § 6.

The Probate Court of Baldwin county clearly had jurisdiction to grant letters of administration in the estate of Antoine Lalouette to Hall, which was done in the year 1861, although the only property of the decedent in the county consisted of real estate.

The record of the proceedings of the Probate Court, showing the appointment of Hall as administrator, and the decrees, on final distribution, against him, in favor of the present plaintiffs in this suit, as *heirs* of Antoine Lalouette, was properly admitted in evidence by the Circuit Court, to prove the fact of such administration, and the heirship of the plaintiff. This point was so expressly decided in the

case of *Lalouette's Heirs v. Lipscomb* (improperly reported as Lalo*n*ette's Heirs v. Lipscomb), in 52 Ala. 570 ; the defendant there, as here, having entered the premises sued for as tenants, under a lease from the administrator, the court said : " The defendant rented from, and held under Hall, as the administrator of the estate, and was consequently a privy in estate with Hall as such administrat*o*r ; and, being such privy, the recitals in the record of Hall's settlement as to the heirship of the plaintiffs, are evidence against the defendants, to the same extent that they would be, in a proper case, against Hall himself."

There are few principles of law better settled than that both tenants and their privies, in blood or estate, are estopped from disputing the title of the landlord under whom they hold, or of any one who succeeds to his rights, so long as they continue the possession originally derived from him.   Hence, when sued for the possession of the demised premises by the landlord, or one surrendering to his rights, the tenant is precluded, as well after the termination of the lease as during its continuance, from calling the title of the plaintiff in question, or from setting up an outstanding title in a stranger, or third person.—*Russell v. Erwin's Adm'r*, 38 Ala. 44; *Shelton v. Eslava*, 6 Ala. 230 ; *Seaberry v. Stewart*, 22 Ala. 207 ; 4 Wait's Act. and Def. p. 258, § 2 ; Taylor's Land. and Ten. § 629.

The rule might, of course, be otherwise, upon well settled grounds of reason, public policy, and principle, where the tenant had been induced to accept a lease through fraud, mistake, or misrepresentation.—*Camp v. Camp*, 15 Amer. Dec. p. 60 and p. 69, note.

The defendants, in this case, after the first action of ejectment against them brought by Hall, in which he recovered the premises here sued for, submitted to Hall's claim as administrator of the estate of Lalouette, and paid him rent from the year 1867, to, and including, the year 1872.   Hall was, of course, a mere trustee, representing the creditors of the estate, if any, and also the heirs.   No debts being proved against the estate, his recovery enured to their benefit, between whom and himself there is manifest privity. *Bennett v. Covelman*, 48 Barb. (N. Y.) 73.   It is, therefore, immaterial in this action whether the title of the plaintiffs is good or bad, or whether the lands sued for had escheated to the State of Alabama, or otherwise.   These questions can not be raised by the defendants, so long as they continue to hold under their originally acquired possession, derived as tenants from Hall, the administrator.

It is objected, and further assigned for error, that the

record shows a separate judgment entry against each of the several defendants in the court below. Conceding that this objection is taken in time, without being first urged in the lower court, the defect is a clerical error, or want of form merely, which can be corrected in the appellate court. Where there are more defendants than one, the statute authorizes the jury to "assess damages arising from the detention of the land [sued for] and injury thereto, *in severalty*, against each defendant for distinct damages."—Code 1876, § 2964. Whether this confers the authority to enter a separate judgment or not against each defendant, the better and more proper practice is to have but one judgment entry, with the assessment of damages only in severalty.

Let the judgment of the Circuit Court be, accordingly, corrected here, and a judgment entered, with a writ of possession, against all of the defendants, for the premises, with costs, and with an assessment of damages in severalty, according to the verdict of the jury,—Code 1876, §§ 3155, 3943, 3946; *Smith v. Kennedy*, 63 Ala. 334 ; *Jean v. Sandiford*, 39 Ala. 317 ; *Jackson v. Shipman*, 28 Ala. 488.

Affirmed.

STONE, J. *(dissenting)*.—I dissent from that part of the foregoing opinion which holds that the record of the final settlement and distribution of the estate of Lalouette, made by Hall, the administrator, was legal evidence against Bishop and others, that the plaintiffs in this action are the heirs at law of Antoine Lalouette. I think the case of *Lalouette v. Lipscomb*, 52 Ala. 570, was erroneously decided, and that it should be overruled. I can not perceive on what principle Hall's admission, even of record, if you please, that certain persons were the legal heirs of a decedent, whose personal representative he was, should conclude, or in any way bind his tenants, who had previously taken possession under him, that the present plaintiffs were in fact the heirs of his intestate. The probate proceeding was *res inter alios acta*. Bishop and his co-defendants had acquired possession under Hall, as the administrator of Antoine Lalouette. This estopped them from disputing Lalouette's title. So, when the purposes of the administrator were accomplished, and the right of the administrator to withhold the possession of the realty from the heirs had thereby ceased (see *Calhoun v. Fletcher*, 63 Ala. 574), then the tenant was estopped from disputing the title of the heir, as, by the lease, he had estopped himself from disputing the title of the ancestor. The heir's title was the ancestor's title, and the estoppel applied as well after descent cast, as before. But this in no manner

determined who the heir was. The record in this case raises the question, who were the heirs?. The defendants were authorized to demand legal proof of that fact. I do not think the proof offered was legal evidence against them.