# Nicrosi *v.* Giuly.

*Application for Revocation of Letters of Administration.*

1. *Escheats; administration on decedent's estate.*—Under statutory provisions relating to escheats (Code, §§ 1936-44), the grant of letters of administration on the decedent's estate is proper, if not imperatively demanded; and if no one applies for letters, it may be duty of the judge of probate, on the facts being brought to his notice, to grant administration *ex mero motu.*

2. *Grant of administration on estate of non-resident; lands as assets.* The word *assets,* as used in the statute authorizing the grant of letters of administration on the estate of a non-resident who died intestate (Code, § 2013), includes lands situated in the county in which the letters are granted; and the statute applies to the estate of a non-resident alien, who died intestate, owning such lands.

APPEAL from the Probate Court of Montgomery.
Heard before the Hon. F. C. RANDOLPH.

JERE N. WILLIAMS, for appellant, cited *Bishop v. Lalouette,* 67 Ala. 197; *Eq. Life Ins. Society v. Vogel,* 76 Ala. 441.

JOHN GINDRAT WINTER, *contra.*—On the death of an intestate, the title to his lands descends at once to his heirs, and vests absolutely in them, subject only to the statutory charge or liability for debts. When there are no debts to pay, and no personal property to be distributed, there is no necessity for administration; in fact, such administration would be on the estate of the heir, and at his expense, without any possibility of benefit to him.—*Owens v. Childs,* 58 Ala. 113; *Fretwell v. McLemore,* 52 Ala. 131; *Sullivan v. Lawler,* 72 Ala. 68; *Lanford v. Dunklin,* 71 Ala. 605;

*Jones v. Brevard*, 59 Ala. 499. The term *assets*, as used in the statute authorizing the grant of administration, may include lands, when necessary for the payment of debts; and that is the extent of the decision in *Bishop v. Lalouette*, 67 Ala 197. But, here, there are no debts; and even if debts were alleged and shown, the lands could not be reached and subjected to administration in the Probate Court, since they were held by the intestate as an equitable estate, and can only be subjected by creditors in a court of equity. The letters of administration, then, were granted improvidently, and were properly revoked for that reason.—*Watson v. Glover*, 77 Ala. 323; *Koger v. Franklin*, 79 Ala. 505.

STONE, C. J.—The question presented by this record is, whether administration on the estate of Jeanette Giuly was committed to Nicrosi improvidently. On petition of Antoni Giuly, surviving husband of Jeanette, the Probate Court revoked the letters of administration previously granted to Nicrosi. From that order the present appeal is prosecuted.

The record shows the following state of facts: Jeanette, the decedent, was of foreign birth, but resided for many years in the State of Alabama. Many years ago she intermarried with Antoni Giuly, who was also a foreigner by birth, but had become a naturalized citizen of the United States. They resided together in Montgomery, Alabama, until about the year 1885, when they returned to the kingdom of Belgium in Europe, where Jeanette soon afterwards died, intestate, leaving no lineal descendants, but leaving brothers and sisters, who were and are foreigners. Antoni, the husband, also survives. It is not shown whether their return to Europe was intended to be permanent or temporary, nor is it shown whether the said Antoni has ever returned to the United States. During their coverture, Jeanette purchased a lot of land in the city of Montgomery, took the title in her own name, and to her sole and separate use, and died the owner of the property. It is shown that she had no other property in Alabama, unless some rents were due her, of which no proof is made. Leaving for Europe, Jeanette left the property in the hands of Nicrosi as agent, who acted as such until her death. The lot was in possession of one who had been tenant, who held over, and claimed to have acquired title at tax-sale. The question is, whether, under the facts of this case, the lot was assets of the said Jeanette, within the jurisdiction of the Probate Court of

Montgomery county, sufficient to give to that court jurisdiction to grant administration on her estate.

In the absence of all statutory regulations enabling aliens to own, transmit, or inherit property, the law does not, *ex proprio vigore*, devest the title of such alien to property purchased by him. It can be defeated and vested in the sovereignty by escheat, only by the successful prosecution of proceedings instituted therefor.—*Harley v. State, ex rel.*, 40 Ala. 689. And, under ordinary circumstances, the ownership of real estate alone supplies the element of assets within the jurisdiction, so as to authorize administration on the estate of such deceased owner.—*Bishop v. Lalouette*, 67 Ala. 197.

Nicrosi was sought to be removed, and was removed from the trust, for no alleged unfitness to perform its duties. The sole ground relied on was, that, under the circumstances of this case, the court had no jurisdiction to appoint an administrator; and the same argument is renewed before us. We hold that the Probate Court erred in the order revoking Nicrosi's appointment; and we rest our ruling partly on Chap. 1, Tit. 7, Part 2 of the Code of 1876, commencing with section 2851; Code of 1886, §§ 1936 *et seq.* The provisions of this chapter clearly show that, in cases of alien decedents, administration is proper, if not imperatively called for. It may be that, without judicial contestation, it could not be known who, if any one, was entitled to inherit from the said Jeanette. If no one had made application for the appointment, and the facts had been brought to the notice of the judge of probate, we will not say it would not have become his duty to appoint a personal representative, to carry out the provisions of the law, whether applied for or not. In cases of alleged ground for escheat, a personal representative would seem to be a necessity; for the statute imposes duties, which no one else is authorized to perform.

But we do not place our ruling solely, or mainly, on this ground. All property needs some one interested and authorized to look after its conservation. Real estate, particularly a house and lot in a city, such as is shown to be the subject of contention in this case, would suffer great detriment, if left entirely to itself. Taxes must be paid, insurance kept up, repairs made when needed; and it is equally a protection to the property, and a profit to the owner, that it be kept occupied and yielding rent. We approve and reaffirm the doctrine declared in *Bishop v.*

[Woodall v. Kelly & Co.]

*Lalouette*, 67 Ala. 197, that the word *assets*, as used in the statute authorizing the grant of letters of administration on the estates of non-residents, who die leaving assets, includes lands situated in the county where the administration is granted; and that the death of an alien, dying abroad, and leaving land only in Alabama, will uphold the jurisdiction of the Probate Court of the county in which the land is situated, to grant administration on such estate.

The judgment of the Probate Court is reversed, and an order made directing the Probate Court to dismiss Antoni Giuly's petition.

Reversed and remanded.