# DuBois *v.* The State.

*Indictment for Selling Liquor in Prohibition District.*

1. *Sale of liquor; purchase for another.*—A conviction can not be had for an illegal sale of liquor within a district in which a general prohibitory law is of force, on proof that the defendant bought a quart of liquor outside of the district, at the request of a third person, and delivered it to him within the district, on repayment of the money which he had advanced for it.

FROM the Circuit Court of Tallapoosa.

Tried before the Hon. JAMES R. DOWDELL.

The indictment in this case charged that the defendant, Barney DuBois, "sold vinous or spirituous liquor, without a license, and contrary to law." On the trial, as appears from the bill of exceptions, the prosecution proved by one Mace "that he saw the defendant sell to one J. B. Thayer three pints of whiskey, for which said Thayer paid him $1.50; and that this occurred in said county, within a half-

[DuBois v. The State.]

mile of Tallassee Factory, within twelve months before the
finding of the indictment." The prosecution offered in evi-
dence, also, the act of the General Assembly incorporating
the Tallassee Factory, which prohibits the sale of spirituous
liquors within four miles of the company's factories.—Sess.
Acts 1851-2, p. 262. The defendant then testified in his own
behalf, "and stated that, on the day before the alleged sale
to Thayer, he was hired by Buckner & Son to go to Sentell's
bar-room, which was more than four miles from Tallassee
Factory, and purchase for them two quarts of whiskey; that
he met said Thayer on his way, who asked him to get three
pints of whiskey for him, and said that he would pay when
he came for it next morning; that he (defendant) then went
to said bar-room, and bought one gallon of whiskey, which
was put in a jug, and for which he paid $4.00 out of his own
money; that he let Buckner & Son have two quarts of whis-
key out of this jug, and let said Thayer have three pints, for
which Thayer paid him $1.50, the same price which he had
paid." This being all the evidence, the court charged the
jury, on request of the solicitor, "that they must find the
defendant guilty, if they believed the evidence;" to which
charge the defendant excepted.

JNO. A. TERRELL, for appellant, cited *Morgan v. State*,
81 Ala. 72; *Campbell v. State*, 79 Ala. 271; *Young v. State*,
58 Ala. 358.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—If the testimony of the defendant be
true, he neither sold, nor aided in selling the liquor to
Thayer. He purchased it for Thayer, at a point which is
shown to have been without the prohibited district. He
was not interested in the sale, and in no sense was he the
agent of the seller. He was agent of Thayer, the buyer,
and did not assume to represent the seller. He advanced
the money, not buying for his own use, but as an accommo-
dation loan to Thayer, the purchaser. He made no profit,
but received back only the money he had paid out for the
liquor. If this testimony be true, the defendant is not
guilty.—*Young v. State*, 58 Ala. 358; *Campbell v. State*,
79 Ala. 271; *Morgan v. State*, 81 Ala. 72.

Reversed and remanded.