# Winter *v.* London.

*Action on Appeal and Supersedeas Bond.*

| 99 | 263 |
| 122 | 339 |
| 99 | 263 |
| 127 | 416 |
| 99 | 263 |
| e144 | 396 |

1. *Grant of administration on estate of non-resident decedent.*—On the death in New York of a resident citizen of that State, intestate, and owning a certificate for shares of stock in an Alabama corporation, the Probate Court of the county in which such corporation is located has jurisdiction to grant letters of administration on his estate (Code, § 2013, subd. 3); although an administrator appointed in New York would have authority to transfer the certificate (§ 1672), and payment of dividends might lawfully be made to him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Alex. T. London, suing as the administrator of the estate of Daniel S. Schanck, deceased, against Mrs. Mary E. Winter, Joseph S. Winter, and others; and was founded on an appeal and *supersedeas* bond, which the defendants had executed on taking an appeal to the Supreme Court from a decree rendered by the City Court of Montgomery, sitting in equity, in a suit instituted by the Montgomery Gas-Light Company, by bill of interpleader, against said London as administrator, Mrs. Winter, Joseph S. Winter, and John G. Winter. The object of that suit was to determine the ownership of certain certificates for shares of stock in said corporation, which were in London's possession as administrator, and which he sought to have transferred to him on the books of the corporation, and which were also claimed by Mrs. Winter, who denied the validity of the transfers under which London's intestate acquired and held them. The City Court sustained London's claim, and rendered a decree in his favor; and the appeal was taken from that decree. The Supreme Court affirmed the decree, as shown by the report of the case—89 Ala. 544. The condition of the appeal bond was, that "if the said Mary E. Winter and Joseph S. Winter fail in said appeal, and pay such judgment as the Supreme Court may render in the

[Winter v. London.]

premises, and all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and the suspension of the execution of the decree appealed from, then this obligation to be void," &c.   The complaint assigned as a breach of the bond, that the obligors had failed to pay the costs and damages incurred by the plaintiff in the defense of said appeal, and claimed as damages $200 for attorney's fees incurred and paid in that behalf.   The defendants filed several special pleas of *ne unques administrator*, assailing the validity of the plaintiff's letters of administration, and issue was joined on these pleas.

It was admitted on the trial, as the bill of exceptions shows, that said D. S. Schanck, plaintiff's intestate, died in 1872, in New York, of which State he was then a resident citizen; that letters of administration on his estate were granted to plaintiff, by the Probate Court of Montgomery county, Alabama, in 1887; "that the only property owned by said decedent or his estate, at the time of the grant of said letters, which was claimed to be assets of the estate in Alabama, was three certificates together calling for five shares of the capital stock of the Montgomery Gas-Light Company, with the accrued dividends thereon, amounting to $500, which certificates were in the possession of said London at the time of his appointment as administrator, but had not been transferred on the books of said company; that said company is a corporation chartered under the laws of Alabama, and has its office and place of business in the city of Montgomery; that these facts appear and are correctly stated in plaintiff's application for the grant of letters, and letters were granted to him on said application and facts; that said letters are on their face correct and regular; that said London qualified as such administrator, and has ever since acted as such."   The facts above stated, as to the interpleader suit, the appeal, bond, &c., were also admitted; and further, that plaintiff's damages, if he was entitled to any, should be assessed at $150.

On these facts, the court charged the jury, on request, that they must find for the plaintiff if they believed the evidence; to which charge the defendants excepted, and they here assign it as error.

GORDON MACDONALD, for appellant.

TOMPKINS & TROY, *contra.*   (No briefs on file.)

[Winter v. London.]

HARALSON, J.—Section 2013 of the Code provides, that "Courts of probate, within their respective counties, have authority to grant letters of administration on the estates of persons dying intestate," in five specified instances, the 3d of which is, "Where the intestate not being an inhabitant of the State, dies out of the county, leaving assets therein."

The conditions on which the letters of administration were granted to plaintiff, were exactly in accordance with this section of the Code; and there is no proof in the record that the plaintiff's intestate owned any property, at the time of his death, outside of Montgomery county in this State, or that any administration was ever had elsewhere on his estate.

By the agreed state of facts on which the case was tried, it is shown that plaintiff's intestate died a resident citizen of the State of New York, in the year 1872, and at the time of the grant of letters of administration to plaintiff, by the Probate Court of Montgomery county, in 1887, and at the time of the death of plaintiff's intestate, the property owned by deceased, and claimed to be assets of his estate, as three shares of the capital stock of the Montgomery Gas-Light Company,—a private corporation having its place of business in the city and county of Montgomery, Alabama,— amounting, with the accrued dividends thereon, to $500, the certificates for which plaintiff held at the time he was appointed administrator; that the foregoing facts appear and are correctly stated in plaintiff's application to said Probate Court for letters of administration; that the letters, on their face, are correct and regular, and that plaintiff qualified, as such administrator, and has ever since been acting as such.

The defendants below contended,—and that is the question they present for our decision,—that the grant of letters of administration to plaintiff by said Probate Court was void, on the ground, that his intestate died in the State of New York, of which he was a resident citizen, at the time of his death, and no facts existed authorizing any court in Alabama to grant letters of administration on his estate, and that on this ground, alone, plaintiff is not entitled to recover. This contention is based on section 1672 of the Code, which authorizes a foreign executor and administrator to transfer the shares of stock held and owned by the testator or intestate, in any private corporation existing under the laws of this State, and payment of dividends on such stock to be

made to such executor or administrator.   But the same section confers the same power and authority on an executor or administrator, deriving his appointment from a court of probate in this State.   If there is any conflict between these two sections of the Code, above referred to, it is our duty to construe them *in pari materia*, and make them both operative, if such a construction can be placed upon them.   There is, however, no conflict between them.   The latter section merely provides for the transfer of stock by a foreign executor or administrator, when there is no administration in this State.   It does not deny the same right to an administrator appointed here.   It is simply cumulative, in extending this authority to a foreign executor or administrator, made so to subserve an obviously good purpose.

It is scarcely necessary to add,—a principle so often repeated,—that the Probate Court has general jurisdiction over the subject of the administration of estates, and having the right to determine its jurisdiction, on the facts presented in any given case invoking its authority to issue letters of administration, when it does so determine, and proceeds to isssue the letters, the order granting them will survive any mere collateral attack.—*Sullivan v. Rabb*, 86 Ala, 433; *Nicrosi v. Giuly*, 85 Ala. 365; *Barclift v. Treece*, 77 Ala. 528; *Goodman v. Winter*, 64 Ala. 431; *Broughton v. Bradley*, 34 Ala. 694.

The facts set out in the application of the plaintiff to the Probate Court of Montgomery, to be appointed administrator of said estate, gave the court jurisdiction to issue letters of administration to him.   As such administrator, he had the right to maintain this suit against defendants, and, under the undisputed evidence in the cause, to recover the judgment which was rendered in the court below, in his favor.

There is no error in the record, and the judgment of the Circuit Court is affirmed.