# Bonds *v.* The State.

*Indictment for Unlawful Sale of Spirituous Liquor.*

1. *Sale of liquor; one who aids or abets or procures sale of whiskey subject to conviction.*—One who aids or abets or who counsels or procures an unlawful sale of spirituous, vinous or malt liquors, or other liquors prohibited by law from being sold, given away or otherwise disposed of, is liable to punishment and may be indicted as a principal in the transaction.

2. *Same; what not a violation of law against selling liquor.* Under an indictment for selling spirituous or vinous liquors without a license and contrary to law, a conviction can not be had against a defendant, where the evidence shows that he had no interest in the liquor sold, nor in the money paid for it, but acted only as the agent or friend of the purchaser in procuring the liquor.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN PELHAM.

The indictment under which the appellant in this case was convicted contained two counts. The first count charged the defendant, Willie Bonds, with selling, giving away or otherwise disposing of spirituous, vinous or malt liquors without a license and contrary to the provisions of an act of the General Assembly of Alabama, prohibiting the giving away, selling or otherwise disposing of spirituous, vinous or malt liquors in St. Clair county. The second count charged the defendant with selling, giving away or otherwise disposing of spirituous, vinous or malt liquors without a license and contrary to law.

On the trial of the case, the State introduced as a witness one P. C. Bright, who testified that within the year before the indictment was preferred and while the witness was engaged in repairing an office in a town in St. Clair county, the witness asked the defendant, who was passing said office, if he, the defendant, knew where the witness could get something to drink; that the defendant replied that he did not, but might find something; that the witness then said to the defendant that he did not know where to find any whiskey or how to get it, and asked the defendant if he could get some for him; that the defendant replied that he would try, and the witness then gave the defendant 40 cents and told him to get it for him if he could; that the defendant took the money and started off in the direction of the place of business of Sydney Bonds; that a short while thereafter the defendant told the witness that he had gotten the whiskey and placed it under a box in the office which the witness was repairing; that the witness found a pint bottle full of whiskey in said box where the defendant said he had placed it. This was all the evidence introduced on the part of the State.

The defendant, as a witness in his own behalf, testified to substantially the same facts relating to the conversation had between him and the witness Bright, and then further testified that he went to the place of business of Sydney Bonds and bought a pint of whiskey for said Bright; that he paid for said whiskey with the iden-

tical 40 cents which Bright had given him with which to buy it. The defendant further testified that he had no interest in said whiskey, had nothing to do with the sale thereof, and derived no profit or interest whatever in the transaction; that he bought the whiskey for Bright, paid for it with Bright's money, carried it to the box in the office where Bright was at work and where he had instrusted the defendant to place it; that he only purchased the whiskey as the friend and for the accommodation of said Bright. This was all the evidence introduced in the case. The court, at the instance of the solicitor, gave to the jury the following written charge: "The court charges the jury if they believe the evidence beyond a reasonable doubt, they will find the defendant guilty and assess a fine of not less than ten nor more than one hundred dollars against him." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the following written charge requested by him: "If the jury believe all the evidence in this case, they must find the defendant not guilty."

SMITH & HERRING, for appellant, cited *Campbell v. State*, 79 Ala. 271; *Morgan v. State*, 81 Ala. 72; *DuBois v. State*, 87 Ala. 101.

CHAS. G. BROWN, Attorney-General, for the State, cited *Gilmore v. State*, 126 Ala. 21; *Cagle v. State*, 87 Ala. 38; *Walton v. State*, 62 Ala. 197; *Paschal v. State*, 84 Ga. 326; *State v. Munson*, 25 Ohio St. 381; Black on Intoxicating Liquors, § 380.

HARALSON, J.—It is well understood that one who aids or abets or who counsels or procures an unlawful sale of spirituous, vinous or malt liquors, or other liquors prohibited by law from being sold, given away or othwise disposed of, is liable to punishment, and may be indicted as a principal in the transaction. In misdemeanors all who procure or participate in the commission of a crime are regarded as principals and indictable as such.—Black on Intox. Liquors, § 380; 1 Am.

& Eng. Ency. Law, 62, n. 2; *Cagle v. State,* 87 Ala. 38, 93; *Gilmore v. State,* 126 Ala. 21.

It is also well settled, that a conviction cannot be had against a person, for the violation of such a law, who had no interest in the liquor sold, nor in the money paid for it, and who acted only as the agent or friend of the purchaser in procuring the liquor.—*Campbell v. State,* 79 Ala. 271; *DuBois v. State,* 87 Ala. 101.

In this case, the evidence for the State tended to show, that defendant aided, abetted or procured the alleged unlawful sale of the liquors. Such an inference might have been drawn by the jury from the State's evidence. On the other hand, the evidence for the defendant tended to show, and authorized such interference by the jury, that defendant had no interest in the whiskey he procured, and acted in the transaction only as the agent or friend of the purchaser.

In this state of the proof, the general charge given for the State as requested by the solicitor was error. The question whether the defendant was guilty under the facts disclosed, tending on the one side to show that he was, and on the other hand that he was not, was one for the jury under proper instructions, and not for the court to decide.—*Walton v. The State,* 67 Ala. 197.

The foregoing expresses the views of the writer of the opinion in this case. The other members of the court, however, hold that the affirmative charge requested by the defendant should have been given; and they cite the cases of *Young v. The State,* 58 Ala. 358; *Morgan v. The State,* 81 Ala. 72; *Campbell v. The State,* 79 Ala. 271, and *DuBois v. The State,* 87 Ala. 101.

Reversed and remanded.