# Maples *v.* The State.

*Indictment for Selling Spirituous, Vinous or Malt*
*Liquors contrary to Law.*　　　　. . . .

1. *Selling of liquor; what not a violation of law against selling
liquor.*—Under an indictment for selling spirituous or
vinous liquors without a license and contrary to law, a con-
viction can not be had against a defendant where the evi-
dence shows that he had no interest in the liquor sold nor
in the money paid for it, but acted only as the agent or
friend of the purchaser in procuring the liquor.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

The indictment under which the appellant in this
case was tried and convicted was as follows: "The
grand jury of said county charge that before the finding
of this indictment, Alfred Maples sold, bartered or
exchanged spirituous, vinous or malt liquors without
a license, and contrary to law, against the peace and
dignity of the State of Alabama." The facts of the case
are sufficiently stated in the opinion.

TATE & WALKER, for appellant, cited *Young v. The
State,* 58 Ala. 358; *Campbell v. State,* 79 Ala. 271;
*Morgan v. State,* 81 Ala. 72; *DuBois v. State,* 87 Ala.
102.

CHAS. G. BROWN, Attorney-General, for the State,
cited Black on Intoxicating Liquors, § 380; *Gilmore v.
State,* 126 Ala. 1; *Cagle v. State,* 87 Ala. 38; *Walton
v. State,* 62 Ala. 197; *Paschall v. State,* 84 Ga. 326;
*State v. Munson,* 25 Ohio St. 381.

TYSON, J.—The indictment charged a sale of the
whiskey by defendant. The evidence upon the trial
was, that one Allison asked defendant, it he thought
he could get him some whiskey, and upon receiving an

affirmative reply, gave defendant fifty cents, who went away, returning in a short time with one pint of whiskey, which he delivered to Allison without reward for his services. On this proof, the court gave the affirmativte charge with hypothesis for the State. In this there was error. The evidence failed to disclose a sale. *Young v. State,* 58 Ala. 358; *Campbell v. State,* 79 Ala. 271; *Morgan v. State,* 81 Ala. 72; *DuBois v. State,* 87 Ala. 101; *Bonds v. State, ante,* p. 117.

Reversed and remanded.

Justice HARALSON'S views are expressed in the case of *Bonds v. State, supra.*

SHARPE, J., holds that the question of defendant's guilt or innocence is for the jury.

