# Maxwell *v.* The State.

|140  131|
|144   88|

*Indictment for selling Spirituous, Vinous or Malt*
*Liquors contrary to Law.*

1. *Selling whiskey contrary to law; constituents of offense.*—To constitute the offense of selling, giving away or otherwise disposing of spirituous liquors, as prohibited by statute, it is necessary that the evidence should establish that the person charged, parted with, to another, the poss ssion or ownership of whiskey; and if the defendant neither had possession of, nor owned the whiskey, his delivering it to another, though wrongful as against the owner of tae whiskey, does not make him guilty of the offense charged.

2. *Indictment for selling liquor; what in violation of law.*—Under an indictment for selling, giving away or otherwise disposing of spirituous liquors contrary to law and w..hout a license, the defendant cannot be convicted, where the evidence shows that he had no interest in the liquor sold, that it belonged to his father, who was away, and that at the request of the person who obtained the liquor, he got the liquor from some which his father had, and in so doing acted only as the agent of said person, and was paid a much smaller amount for his trouble than the value of the whiskey.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

The appellant in this case, Buck Maxwell, was tried and convicted under an indictment which charged that he "sold, gave away, or otherwise disposed of spirituous, vinous or malt liquors without a license and contrary to law, against the peace," etc.   The cause was tried by the court without the intervention of a jury upon the following testimony:   G. S. Harmon, a witness for the State, testified that within twelve months before the finding of this indictment, he went to the mill owned by John H. Maxwell, the father of the defendant, and asked for the defendant's father, and was told that he was away from

the mill; that he waited for the return of the said John Maxwell for about two hours, and then stated to the defendant that he could wait no longer, and told him that he wanted to get from the defendant's father some whiskey for his, witness's wife, who was sick, and asked the defendant to take the bottle which he gave him and see if he could get the whiskey for him, stating to defendant that it would be all right with his father, and that his father had before given him whiskey for his wife; that the defendant took a quart bottle which the witness gave him, went away and brought back a quart of whiskey and put it in the witness's buggy; that thereupon the witness handed to the defendant 25 cents and said to him: "That is for your trouble;" that a quart of whiskey was worth 50 cents and that he knew defendant was under age.

Defendant as a witness in his own behalf testified to substantially the same facts as were testified to by the witness Harmon, and in addition testified that he was 16 years old; that the whiskey belonged to his, defendant's, father; that the defendant had no control over it, or interest in the whiskey; that he was not authorized by his father to sell it, give it away. or exercise any control over it whatever.

JOHN T. MARTIN and MATTHEWS & WHITESIDE, for appellant, cited *Reynolds v. State,* 73 Ala. 3; *Amos v. State,* 73 Ala. 501; 8 Amer. & Eng. Encyc. of Law, 1309; *Coker v. State,* 91 Ala. 92; *Maples v. State,* 130 Ala. 121; *Campbell v. State,* 79 Ala. 271; *Dubois v. State,* 87 Ala. 38.

MASSEY WILSON, Attorney-General, for the State, cited *Marcus v. State,* 89 Ala. 23; *Billingslea v. State,* 96 Ala. 114; *Thomas v. State,* 117 Ala. 134; *Abel v. State,* 90 Ala. 631; *Winter v. State,* 133 Ala. 176.

TYSON, J.—To constitute the offense for which the defendant was convicted, the fact must be established by the evidence that he parted with, to another, the possession or ownership of the whiskey. If defendant had not

possession of it, nor owned it, his delivering it to the witness for the prosecution was wrongful as against the owner of it, and constituted neither a sale, gift nor disposition of it.

In *Amos v. State,* 73 Ala. 501, speaking to this question this court said: "The effective words are *sell, give away, or otherwise dispose of;* all of which in a general sense, found in this connection, signify some act by which one person parts with, to another, possession or ownership of property.   A *sale, ex vi termini,* imports the transfer of personal property upon a valuable consideration; and a *gift* imports a like transfer gratuitously, or upon a merely good consideration.   The more general words, *or otherwise dispose of,* following the more specific or particular words, *sell, or give away,* upon a settled rule of statutory construction, a large legislative intention not being clearly expressed, must be construed as extending only to a disposition *ejusdem generis* with a sale or a gift; they are not to be extended to any and every act which may be said to be a disposition. * * * *   It would be a departure from the rule, not necessary to give effect to the legislative intent, and not within it, to give the general words, *or otherwise dispose of,* a meaning so loose and expansive as to include within them any act not akin to a sale or gift, not intended as, and not having in it any of the properties of, a parting with property by one person to another."

Under these principles, the only possible theory upon which the conviction in this case can be sustained. is to find from the evidence that defendant was acting as the agent of his father in delivering the whiskey, and that he had authority from him, either expressed or implied, to part with it to Harmon.

Upon a consideration of all the evidence our conclusion is that it simply establishes the fact that the defendant, in getting and delivering the whiskey, was not acting for his father at all, but for Harmon.   The case, therefore, belongs to that class of cases where the defendant acted only as the agent or friend of the purchaser in procuring the whiskey.   In all such cases it has been uniformly held by this court that a conviction cannot be had.—*Bonds v. State,* 130 Ala. 117.

[Watson v. The State.]

In conclusion, it may be well to note that this case was tried by the judge without a jury, under the act declaring the powers and jurisdiction of the city court of Anniston; and that under that act his conclusion and judgment on the evidence are made reviewable by this court.—Acts, 1896-97, p. 324.

The judgment of conviction will be reversed, and one will be here entered discharging the defendant.

Reversed and rendered.

*Indictment for selling Spirituous, Vinous or Malt Liquors.*