# Moseley *v.* The State.

*Selling Liquor to Minor.*

(Decided June 30, 1908. 47 South. 193.)

*Intoxicating Liquors; Sale; Minor; Indictment.*—The act of March 12, 1907, (General Acts 1907, p. 266) does not authorize a conviction for the sale or giving away of liquor to a minor in violation of section 5078, under an indictment for retailing spirituous, vinous or malt liquors, without a license, and contrary to law; and as section 5077, relates to retailers only, said section does not authorize a conviction for a violation of the acts of March 12, (General Acts, 1907, p. 36) under the indictment in this case.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Will Mosely was convicted of selling intoxicants to a minor, and he appeals. Reversed and remanded.

The facts are sufficiently set out in the opinion. The following charges were given at the request of the state :

"Gentlemen of the jury, if you believe beyond a reasonable doubt that the witness Erwin asked the defendant to see if he could get him some whisky, and the defendant went off and procured the whisky for him, and brought it back to him, and he knew that the boy was a minor, and he did not have the consent of his father, or a prescription from a doctor, and if the de-

[Moseley v. The State.]

fendant did not reasonably believe the witness Erwin was over 21 years old, then defendant is at least guilty of a violation of the spirit of the law, and should be found guilty as charged in the indictment.

"I charge you, gentlemen of the jury, that if you believe from the evidence beyond a reasonable doubt that, although the defendant did not sell the whisky to the witness, you find that he went and found some one who had it and procured it for the witness, Lewis Erwin, and the witness was a minor at the time, then he is guilty as charged in the indictment, provided it was without the consent of the witness Erwin's parents, and Erwin did not appear to defendant to be over 21 years old, and provided he had no prescription from a physician.

"Gentlemen of the jury, so far as this case is concerned, there was no barter or exchange, and the transaction was either a sale, or a gift, or else the defendant was acting as the agent of the party, Lewis Erwin. In the latter case the defendant is guilty of no offense; but, if either of the others, then he is guilty as charged, unless the defendant believed witness Erwin was 21 years old."

LAWRENCE E. BROWN, for appellant. The court erred in its oral charge to the jury that they could convict under this indictment of the offense of selling or giving liquor to a minor.—*Coker v. The State,* 91 Ala. 94; *Williams v. The State,* 91 Ala. 14; *Ghent v. State,* 96 Ala. 16; *Young v. The State,* 58 Ala. 359. Nor could the court properly charge the jury that the defendant under the indictment preferred could be convicted of a violation of the Acts of March 12, 1907.—*Maxwell v. The State,* 140 Ala. 132; *Bond v. The State,* 130 Ala. 117; *Morgan v. The State,* 81 Ala. 73; *Bryant v. The State,* 82 Ala. 52.

ALEXANDER M. GARBER, Attorney-General, for the State. The action of the lower court as to its oral charge and as to giving and refusing written instructions, was in keeping with the provosions and should be affirmed on the authority of Act March 12, 1907.— Acts 1907, p. 360.

SIMPSON, J.—The appellant was convicted under an indictment charging that he "did sell or give spirituous, vinous or malt liquors to Lewis Erwin, a minor." The evidence was that the minor, Lewis Erwin, who was 20 years of age, but a married man with a family, handed the defendant a half dollar and requested him to go and get some whisky for him; that defendant took the money, went and purchased the whisky with it, and brought it to said Erwin; and defendant received nothing from the transaction.

The appellant cites the cases which hold that one who acts merely as the agent of the purcharer in procuring whisky cannot be convicted of selling.—*Maples v. State*, 130 Ala. 121, 30 South. 428; *Bonds v. State*, 130 Ala. 117, 30 South. 427; *DuBois v. State*, 87 Ala. 101, 6 South. 381; *Campbell v. State*, 79 Ala. 271; *Maxwell v. State*, 140 Ala. 131, 37 South. 266. Counsel for the state reply that under the act of March 12, 1907 (Gen. Acts 1907, p. 366), the defendant was rightly convicted.

The indictment was filed September 2, 1907, and the witness testified that the whisky was procured about three months before he was before the grand jury. While the exact date when the witness was before the grand jury cannot be fixed, yet enough is shown to indicate that the liquor was procured after said act had become the law. Said act provides that "any person who shall act as agent or assisting friend of the seller or purchaser, in procuring or effecting the unlawful

sale or purchase of any such liquors, must, on conviction, be fined not less than fifty dollars nor more than five hundred, and may also be imprisoned,  *  *  * and a conviction may be had for a violation of this act, under an indictment for retailing spirituous, vinous or malt liquors without a license and contrary to law."

While the act does provide that a conviction may be had for a violation of this act under an indictment for "retailing spirituous, vinous, or malt liquors without a license," yet it does not provide that a conviction may be had under an indictment for violation of section 5078 of the Code of 1896. The two sections relate to different subjects—section 5076 relating only to retainers, without license, selling to any one, and section 5078 relating to sales in any quantity, whether with or without a license, to certain classes of persons. The punishment differs, and there is a separate form of indictment for each, in the Code. The act, then, does not authorize a conviction for its violation under the special form of indictment in this case, nor does section 5077 of the Code cover this case, as that relates only to retailers.

It results that the defendant was entitled to the general charge, and the court erred in refusing the same, and also in giving the several charges excepted to.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.