# Dial *v.* The State.

*Retailing Liquor Without License.*

(Decided April 27, 1909. 49 South. 230.)

1. *Intoxicating Liquors; Illegal Sale.*—Where a number of persons contributed money to buy whiskey, and one of the number takes the money and goes off and buys whisky and brings it back, and such

[Dial v. The State.]

person has no interest in the whisky before the sale and no interest in the sale, such person is not guilty of retailing liquor without license.

2. *Charge of Court; Instructions Abstract.*—Where an instruction hypothesizes facts testified to by a witness in a case it may not be said to be abstract.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Gray Dial was convicted of retailing liquor without a license and appeals. Reversed and remanded.

The indictment was in code form for retailing liquor, and, while the record does not disclose in what particular portion of Marengo county the selling occurred, it shows that it was within the county. The evidence for the defendant tended to show that four persons, including the defendant, were present at a certain place, and each contributed 20 cents, with which defendant went off and within about 20 minutes returned with some whisky; that the money was given him before he went after the liquor; and that he had no interest in the whisky, but bought it for himself and the others.

The following charge was refused to the defendant:

"(2) I charge you, gentlemen of the jury, if you believe from the evidence beyond a reasonable doubt that each of the four parties furnished the money to purchase the whisky, and that the defendant bought it, and that the defendant had no interest in the sale of the liquor, then you must find the defendant not guilty."

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State. Charge 1 was properly refused.—*Turner v. The State,* 97 Ala. 57; *Mitchell v. The State,* 94 Ala. 68; *Fonville v. The State,* 91 Ala. 44; *Smith v. The State,* 88 Ala. 23; *Adams v. The State,* 78 Ala. 489.

[Smith v. The State.]

ANDERSON, J.—There was evidence on the part of the state from which the jury could infer that defendant sold the liquor, notwithstanding his evidence showed that he was a mere purchasing agent and had no interest in the sale, and the trial court properly refused the general charge (1) requested by the defendant.

Under the facts hypothesized in charge 2, the defendant was not guilty of selling the liquor.—*Du Bois v. State*, 87 Ala. 101, 6 South. 381, and cases there cited. Nor was the charge abstract, as the defendant testified to the facts therein hypothesized. The trial court erred in refusing charge 2 requested by the defendant.

Whether or not there was a local law prohibiting and punishing the procurement of the whiskey, even if defendant did not sell it, we are unable to determine, as no such law covered the entire county of Marengo at the time of the alleged violation, and the proof does not locate the same in any particular part of the county.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.