Gkeen, J.
delivered the opinion of the court.
Barnard sued Young on a note for $15. The cause was brought into the Circuit Court and tried before a jury, who found the following verdict: “We do find that the plaintiff is indebted to the defendant in the sum of seventeen dollars and sixty-seven cents and one fourth of a cent.” The verdict so found was recorded and the jury discharged. After the minutes were signed the next day, the defendant moved the court to amend the verdict so that it should read: “We find that the note sued on has been fully paid and satisfied, and that the *101 plaintiff is indebted to the defendant the sum of seventeen dollars and forty-seven and one fourth cents.” This amendment was made.
A motion was made for a new trial, which was overruled, on the defendant’s releasing the verdict of $17 47¿ in his favor. Reasons were then filed in arrest of judgment; which were overruled, and the plaintiff appealed to this court.
We are of opinion that the court had no power to amend the verdict after the jury had been discharged. Any substantial addition which may have been made, was the act of the court, and not the result of the operation of the mind of the jury. • If the court may thus, without the consent of the jury, and after they have been discharged, change the verdict, so as to make it what the court thinks it ought to be, the judgment of the court, in the trial of facts, would be substituted for that of the jury. The question then recurs, if this amendment was unauthorized, was there any finding upon which the judgment in this case could have been rightfully pronounced. The jury found that the plaintiff was indebted to the defendant $17 47£. The defendant then came and released this verdict; and as the jury find nothing in relation to1 the -note upon which the suit was brought, there is nothing upon which the 'court could pronounce judgment. If the jury had found for the defendant, and had gone on to find the plaintiff was indebted to him $17 47J, the first part of the verdict would have been a response to the issue upon the note, which would have been unaffected by the release of the defendant, and consequently a judgment might have been rendered. But they ■ find nothing upon that issue; and simply say, they find “the plaintiff is indebted to the defendant $17 47J.”
We regret that a just regard to those technical rules, the preservation of which we deem important for maintaining the symmetry of our institutions, and consequently important for the preservation of the rights of the citizen, compels this court to reverse the judgment in this case.
The judgment will be reversed, and this court, proceeding to give such judgment as the Circuit Court should have rendered, arrests the judgment and awards a trial de now.