7b   323
117   249

## LEWIS KELLY *v.* THE STATE.

1. CRIMINAL LAW. *Pleading.* The stealing of various articles at the same time and place is only one offense, and must be so charged. The rule is not altered by a statute affixing a heavier penalty to the stealing of one of the articles than the stealing of the others.

Case cited: Wilkins *v.* The State, 10 Hum., 101.

2. SAME. *Verdict. Correction of judgment in Supreme Court.* The defendant was found guilty of larceny by the jury, and his punishment fixed at fourteen months in the penitentiary, but the court, disregarding the time fixed by the jury, sentenced the defendant to five years in the penitentiary: *Held,* that the court erred in not following the jury in fixing the term of imprisonment; but the error was of such a character that it could be corrected in the Supreme Court without sending the case back for a new trial.

Case cited: Wilcox *v.* The State, 3 Heis., 110.

---

### FROM PERRY.

---

Appeal from the Circuit Court.

No brief appears for Kelly.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

Lewis Kelly was indicted in the Circuit Court of Perry county for stealing a mare and a bridle, the property of P. F. Whitworth. He was found guilty of stealing the bridle, but acquitted as to the mare. The jury assessed his punishment at fourteen months imprisonment in the penitentiary, but in entering the

judgment of the court he was sentenced to imprisonment in the penitentiary for five years.

1. It is argued that the Circuit Judge erred in refusing to arrest the judgment upon the ground that two distinct offenses are charged in the indictment in the same count—stealing the mare and the bridle.

It was held in the case of *Wilkins* v. *The State,* 10 Hum., 101, that the stealing of various articles at the same time and place is only one offense, and must be so charged. This rule is not altered by the subsequent statute, making the stealing of a horse a capital offense. It is still the offense of larceny, and the stealing of a horse and a bridle at the same time and place may as well be joined in one count of the indictment now as under the former law.

2. It was error to sentence the defendant to five years imprisonment on the verdict of the jury, which fixed his punishment at fourteen months; but the error can be corrected here, and the judgment rendered as it should have been upon the verdict for fourteen months imprisonment in the penitentiary: *Wilcox* v. *The State,* 3 Heis., 110.