JOHNSON v. CHATTANOOGA.

(*Knoxville.* September 19, 1896.)

1. INTOXICATING LIQUORS. *Opening saloon on Sunday.*

The opening on Sunday of a saloon for a time, however short, to enable persons to enter and obtain intoxicating drinks, is a violation of a city ordinance forbidding the opening on Sunday of any place where intoxicating liquors are "sold or dispensed." (*Post, pp. 248–250.*)

2. SAME. *Giving of, is a dispensing.*

A charge of "selling and dispensing" intoxicating liquors on Sunday is supported by proof of giving away such liquors on Sunday. (*Post, p. 251.*)

3. JUDGMENT. *Correction of, by Supreme Court.*

Where the trial Judge imposes an unauthorized fine upon a conviction for misdemeanor, this Court will correct the judgment and impose a proper fine without remanding the case. (*Post, p. 251.*)

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. JOHN A. MOON, J.

E. M. DODSON for Johnson.

E. S. DANIELS and W. G. M. THOMAS for Chattanooga.

CALDWELL, J.    Section 7 of Art. 1 of ordinance No. 253 of the Mayor and Aldermen of the city of Chattanooga, as amended by ordinance No. 821, makes it a misdemeanor, punishable by a fine of not less than ten nor more than twenty-five dollars, to sell, deal out, or give away, on Sunday, any malt, vinous, fermented, or other intoxicating liquors, or to keep open on Sunday any place where such liquors are sold or dispensed, certain exceptions being made in favor of druggists and the keepers of restaurants and eating houses.

A. O. Johnson was arrested upon the Recorder's warrant, charging him with having violated that law by keeping his saloon open on Sunday, and also by "selling or dispensing" the prohibited liquors on Sunday.    Upon his trial before the Recorder he was convicted and fined twenty-five dollars.    Thereupon, he appealed to the Circuit Court, and was there tried, found "guilty as charged," and fined five dollars. Being still dissatisfied, he has appealed in error to this Court, and here contends that his conviction is not sustained by the evidence.

The witness, Silas Spencer, testified as follows: "In August, 1894, and on Sunday morning, about nine or ten o'clock, I was on the corner of Ninth and Market Streets, in the city of Chattanooga, Tenn., and there met the defendant.    The defendant is the owner and proprietor of a liquor saloon on Market Street, and near to where I was standing.    His saloon is in the corporate limits.    The defendant said to me

that everything was closed up that day, and that we cannot get anything to drink anywhere else, and asked me to come with him to his saloon and take a drink. From two to four other men were present at the time, and all of us went together, by the invitation of defendant, to his saloon, and the defendant opened his front door on Market Street from the sidewalk. It was locked, and he unlocked it, and he and I, and the others with us, all went in through the front door, and he gave to us a glass of lager beer and took one himself. We remained there about ten minutes, talking, and then the defendant opened the same front door and we all went out on to the sidewalk on Market Street, and the defendant came out with us and locked the door after him. We stayed there on the sidewalk for some time, and the defendant again asked us to go in with him and take another drink. He again opened the front door, we all went in, and he gave to each one of us another glass of lager beer, and he took one himself. We stayed inside for some time; then went out again through the front door on to the sidewalk, and he closed and locked the door after we had passed out. The party of us then walked down the street together, and sauntered along, talking, and after awhile walked back up toward the saloon, but in the meantime two or three of the party had gone, and two or three different men had joined us. When we got back near the defendant's saloon, he again invited all of us to take another drink, and we stopped in front of his

saloon, and he unlocked the door and we all went in, and he closed and locked it after us. He then gave to each of us a glass of lager beer and took one himself. And then we all stayed in there some time, and he again opened the door and let us out on to the sidewalk, and then we went away. The door was closed and locked all the time except when opened by defendant for the parties to go in and come out. No liquor of any kind was sold. The defendant gave each present, on each occasion, a glass of lager beer, and took one himself. He wanted us again, and we refused."

The testimony of this witness is corroborated by that of two other witnesses, Price and Rope, who say they saw him and Johnson and the other parties going into and coming out of the saloon, as detailed by him. No other witness was examined.

In our opinion this proof abundantly justifies the conviction. Indeed, it establishes a twofold violation of the ordinance. It shows a keeping open of a saloon, and, also, a giving away of a prohibited drink, on Sunday. The saloon was not kept open all day, half the day, or an hour; but that was not necessary to constitute the offense of keeping open on Sunday. The saloon was opened and kept open long enough for persons, other than the owner and proprietor, to pass in and out, and it was so opened and kept open, short though the time may have been, for the purpose of affording drinks to those persons; that is sufficient. The object of the provision against

keeping open on Sunday was to prevent people from visiting saloons on that day, and to remove the opportunity they give for Sunday drinking. Certainly that object was disregarded, and, for a portion of the day, defeated, by Johnson. The violation of the law would have been more flagrant and defiant, but not more distinct and positive, if he had kept the saloon open all day.

As has already been said, the provision against giving away certain liquors on Sunday was also violated. That Johnson gave away one of the prohibited liquors on Sunday is not controverted, but he contends that he is not charged with that offense. About this he is mistaken. The warrant charges him with keeping open, and also with "selling or dispensing" on Sunday. He did not sell, but he did dispense. To dispense is to deal out, to distribute, to give; hence giving away liquor is included in the charge of "dispensing" liquor.

The trial Judge erroneously fixed the fine at $5, the minimum fine prescribed by the ordinance being $10. The ordinance provides that offenders, upon conviction, "shall be fined not less than $10 nor more than $25." This is the law applicable to the case, and the Court had no power to impose a fine not authorized thereby. This Court, rendering the judgment he should have rendered, changes the fine from $5 to. $10. Affirmed with this change, and let Johnson pay all costs.