CHARLEY BRIGNON v. THE STATE.

*No. 1140. Decided January 27th, 1897.*

**Local Option—Sale—Evidence.**

On a trial for violation of local option, where it appeared, that one B. went to the store where the defendant was, and told him he wanted some whiskey. Defendant said he had none, but said he was going to Dallas and could get it for him there, and B. told him to get him a half pint, which defendant did and upon his return, handed it to B., who paid him 25 cts., the amount that defendant had paid for it in Dallas. Held: That the evidence did not show a sale by defendant of the whiskey to B.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the case.

No brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, and prosecutes this appeal. It is only necessary to discuss one question raised in this case, to-wit, the sufficiency of the evidence to sustain the conviction. The State proved by the alleged purchaser that about the 20th of February, 1895, he went to the store of Adolphus Brignon early in the morning and found Charley Brignon, the defendant, there, and told him he wanted some whiskey. He said he did not have any. "I then asked him to get it for me. He said he was going to Dallas that night, and could get it for me. I told him to get me a half pint. He said he would. I did not give him the money. The next morning I went back to the store and defendant handed me a half pint bottle of whiskey, and I gave him 25 cents. This occurred in the town of Ferris, in Ellis County, Texas. I frequently bought whiskey from Adolphus Brignon at this place. I got whiskey four times from the defendant at the same place. He would always tell me he didn't have any, but would get it for me at Dallas; and I told him to get it, and would come back the next morning, and get it, and pay for it. I do not know whether he got it in Dallas or not. When I went to the store to get whiskey, if Adolphus was there I would get it; and if defendant was there, he would say he did not have it, but would get it for me. I would then go back the next morning, and get it and pay for it." This is the State's case. The defendant himself testified substantially as did the State's witness as to the preliminary conversation between them, and as to the fact that he agreed to get the whiskey for him in Dallas, and have it for him the next day. He then testified that "this was early in the morning, before the Central train passed through going to Dallas. I went to Dallas that day, and returned that night. While in Dallas, I purchased a half pint bottle of whiskey, for which I paid 25 cents, for defendant, and brought it back with me. The next morning he called, and I gave him the bottle of whiskey, and he gave me 25 cents for it. I did not sell the whiskey to Bates. I merely bought it for his accommodation. I gave Wiley Bates whiskey four different times, and each time I purchased it at Dallas, and delivered it to him in Ferris, at his request. Each time he came to my brother's place of business, where I was staying, and asked me for whiskey; and each time I told him I did not have any, but was going to Dallas, and would get it for him. I was acquitted in two cases for selling whiskey to Bates on the occasions above mentioned." This is the case shown by the record, so far as the attendant facts upon the sale is concerned. We do not believe, under this testimony, that this conviction can be sustained. The defendant's testimony, to the effect that he came to Dallas, bought the whiskey as an accommodation to the prosecuting witness, and carried it back to him, and he paid for it on his return, is not inconsistent with the testimony of the State's witness; and if true (and it is not contradicted by the State's evidence), the appellant should have been acquitted. The State's evidence is in harmony and consistent so far as it goes, with the testimony of the accused. We

might infer from the testimony of the State alone that what appellant said when spoken to for the whiskey was not true; but when we take, in connection with the State's testimony, that of the defense, we find it harmonious; and, in order to sustain this conviction, we would have to hold that the appellant committed willful and deliberate perjury—a much greater offense than the one under investigation. We would not thus hold in the absence of some circumstance or fact tending to show that he did commit perjury. We are of opinion that the testimony fails to show that appellant sold the whiskey as charged in the indictment. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*