Cowan v., State.

CORNELIA COWAN v. THE STATE.

(*Knoxville.*   September Term, 1906.)

**SUPREME COURT.**   Will correct erroneous or imperfect judgment, when.

Where a verdict in a criminal case is in proper form and the circuit court has rendered an erroneous or imperfect judgment, the supreme court on appeal by defendant will make the proper correction and render such judgment as the circuit court should have rendered.

Cases cited and approved: McCampbell v. State, 116 Tenn., 98; Kelly v. State, 66 Tenn., 323; Sword v. State, 24 Tenn., 101; Johnson v. Chattanooga, 97 Tenn., 247; Cronan v. State, 113 Tenn., 539; Griffin v. State, 109 Tenn., 17; Nighbert v. Hornsby, 100 Tenn., 82.

Cases cited and distinguished: Mayfield v. State, 101 Tenn., 673; McDougal v. State, 64 Tenn., 660.

FROM JAMES.

Appeal in error from the Circuit Court of James COUNTY.—GEORGE L. BURKE, Judge.

JOHN L. SMITH and JOHN H. EARLY, for plaintiff in error.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted for the murder of one Walton in the circuit court of James county, and

convicted of voluntary manslaughter. The verdict and judgment of the court, along with the motion for new trial and prayer for appeal, all in one entry, appear in the following language, omitting the formal part of the entry:

"Said jury, after consideration of the case, upon their oaths say they do not find the defendant guilty of murder, either in the first degree or second degree, but that she is guilty of voluntary manslaughter of the said W. H. Walton, in the manner and form as charged in the indictment, and the jury upon their oaths do further say that for the offense aforesaid the said defendant, Cornelia Cowan, shall undergo confinement in the penitentiary of the State of Tennessee for a period of two years. And now comes the defendant, and moves the court for a new trial for errors which are manifest in the record, which motion, being understood by the court, is overruled, and the court did adjudge the defendant guilty, as found by the said jury. Thereupon the defendant prayed an appeal to the next term of the supreme court at Knoxville, Tennessee, which is hereby granted."

There is no bill of exceptions.

The judgment is plainly defective, but it may be amended here so as to permit the entry of a formal judgment on the verdict.

In respect of the powers of this court concerning matters of this kind, the following rules have been established by our cases: Where an error has been committed by the jury in rendering a verdict for a term either

higher or lower than that authorized by the statute which designates the punishment for the crime, there is no remedy in this court except a reversal, and a remand to the lower court for further proceedings. *Mayfield* v. *State,* 101 Tenn., 673, 676, 49 S. W., 742; *McDougal* v. *State,* 64 Tenn., 660. But where the verdict of the jury is in proper form, and the circuit court has rendered an erroneous judgment on the verdict, this court will, on appeal of defendant, make the proper correction, and render such judgment as the circuit court should have rendered. *Cronan* v. *State,* 113 Tenn., 539, 82 S. W., 477; *Griffin* v. *State,* 109 Tenn., 17, 35, 70 S. W., 61; *McCampbell* v. *State,* 116 Tenn., 98, 93 S. W., 100; *Kelly* v. *State,* 66 Tenn., 323; *Sword* v. *State,* 24 Tenn., 101; *Johnson* v. *Chattanooga,* 97 Tenn., 247, 36 S. W., 1092. The same is true in civil cases. *Nighbert* v. *Hornsby,* 100 Tenn., 82, 88, 42 S. W., 1060, 66 Am. St. Rep., 736, and cases cited.

In *Kelly* v. *State,* the verdict of the jury fixed a term within the statute, fourteen months, but the circuit judge rendered a judgment imposing a term of five years. This court on appeal corrected the judgment, and rendered one in accordance with the verdict. In *Johnson* v. *Chattanooga,* the circuit judge imposed a fine less than the minimum, prescribed by statute. On appeal this court corrected the judgment, and raised the amount to the minimum fine. In *Sword* v. *State,* this court on appeal corrected the judgment of the circuit court, and added imprisonment provided by the statute, which the circuit judge had omitted.

Let the judgment be corrected and affirmed.