STATE OF IOWA, Appellee, v. DAVID SMITH, Appellant.

**Intoxicating liquor:** ILLEGAL SALE: INFORMATION. An information charging defendant with wilfully and unlawfully carrying around on his person intoxicating liquor with intent to deliver the same to a minor does not charge an offense known to the statutes.

**Same:** PURCHASE FOR MINOR. Under the Code of 1897 it was not a crime for one in no manner engaged in the sale of intoxicants to purchase liquor for a minor with money furnished by him for that purpose, and at his instance and request.

*Appeal from Plymouth District Court.*— HON. WM. HUTCHINSON, Judge.

TUESDAY, OCTOBER 15, 1907.

UPON appeal to the district court from a conviction before a justice of the peace of the crime of aiding in the unlawful delivery and distribution of intoxicating liquors, defendant was found guilty and sentenced to pay a fine, and from the judgment appeals to this court.— *Reversed.*

*J. M. Wormley* and *Zink & Rosenberry,* for appellant.

*H. W. Byers,* Attorney-General and *Charles W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, J.— The information filed before the justice charged that defendant " on the 28th day of March, 1906, at

the township of Garfield, in the county and State aforesaid,
did willfully and unlawfully take and re-
ceive from one Roy Stephenson, he being at
the time a minor, twenty-five cents and an
oral request from said Stephenson that he, the defendant,
procure for said Stephenson a bottle of intoxicating liquors,
to-wit, beer, and the said defendant did with said twenty-five
cents unlawfully purchase and procure for said Stephenson
and deliver to him one bottle of beer; all of said acts being
done by the defendant to evade the statutes of the State of
Iowa, regarding the sale of intoxicating liquors to minors."
When the case reached the district court on appeal, defend-
ant pleaded not guilty, and also filed the following plea:

> That on or about the 30th day of March, 1906, one
> Mrs. R. A. Stephenson caused an information to be filed
> before O. D. Heald, a duly elected, qualified, and acting
> justice of the peace in and for Plymouth county, Iowa,
> Garfield township, against the defendant, which informa-
> tion with the officers filing thereof is in words and figures
> as follows, to wit: 'In justice of the peace court in and
> for Garfield township, Plymouth county, Iowa. Before O.
> D. Heald, justice. State of Iowa, Plff. v. David Smith,
> Def., The defendant, David Smith, is accused of the crime
> of being and bootlegging: For that the defendant in the
> township of Garfield in the county and State aforesaid, on
> the 28th day of March, 1906, did willfully and unlawfully
> carry around on his person intoxicating liquors, to wit, beer,
> with the unlawful intent to deliver and dispose of the same
> to one Roy Stephenson, a minor, contrary to the statutes
> in such case made and provided and against the peace and
> dignity of the State of Iowa. Mrs. R. A. Stephenson.
> Subscribed in my presence and sworn to before me by said
> Mrs. R. A. Stephenson this 30th day of March, 1906. O.
> D. Heald, Justice of Peace in and for said Township,
> County and State. Filed this 30th day of March, 1906.
> O. D. Heald, J. P.' That a jury was impaneled in the
> court of O. D. Heald, justice of the peace, in the above-
> entitled action in his court, a trial had therein, witnesses
> examined for the State, and testimony introduced by the

*1. INTOXICATING LIQUOR: illegal sale: information.*

State and by defendant, and the case submitted to the jury, and the jury disagreed and was discharged by the said justice of the peace, O. D. Heald, and thereafter the State of Iowa, in said action, by G. T. Struble, county attorney of Plymouth county, Iowa, filed the following motion, to wit: ' In justice of peace court in and for Garfield township, Plymouth county, Iowa, before O. D. Heald, justice. State of Iowa v. David Smith. Motion to dismiss. Comes now the plaintiff in the above-entitled action and moves the court to dismiss the same for the reason that the facts stated in the substituted information filed in said cause do not constitute a crime under the statutes of Iowa. G. T. Struble, County Attorney. Filed April 6, 1906. O. D. Heald, J. P.' That said motion was sustained by the said justice of the peace, and the defendant discharged, and said action dismissed, and the said action and proceeding and dismissal of said action being an acquittal of the defendant of the pretended crime with which the defendant is charged in this action; the facts stated in the information aforesaid filed before the said O. D. Heald, justice of the peace, being the same and identical facts charged against the defendant in the information filed against him in this action, and the acts and alleged crime being the same acts and alleged crime charged against the defendant in this action.

The State filed a demurrer to this plea, and the demurrer was sustained. The record shows the following facts with reference to the charge in the information:

The defendant on the day named in the information in this action received from Roy Stephenson, being a minor, the minor named in said information, twenty-five cents, being a quarter of a dollar, in silver, not counterfeit, and at the time he received said money from the minor mentioned, said minor orally requested the defendant to buy him a bottle of beer with the quarter, and the defendant, with the same quarter, went to a saloon in which beer was kept by another person, and in which saloon the defendant had no interest whatever, and purchased a bottle of beer with said twenty-five cents given him as stated by the minor above referred to, and delivered such bottle of beer to said minor, who drank the same. The defendant did

not work for the owner of the saloon in which the beer was kept and sold, and he had no connection with the same in any form or manner, except in so far as he purchased the bottle of beer aforesaid and in the manner herein stated. All the transaction and facts herein stated occurred in the town of Kingsley, Plymouth county, Iowa. Defendant received no benefit, financially, or otherwise, from the purchase of the beer aforesaid, not even a smell of the bottle after the beer was drank. Defendant was not at the time stated engaged in the sale or keeping for sale of intoxicating liquors in the town of Kingsley, or elsewhere, and he did not own the bottle of beer purchased by him.

It is contended that the trial court erred in sustaining the demurrer to defendant's plea, and that the facts disclosed do not show any crime known to the laws of Iowa. We are inclined to think that the demurrer was properly sustained, for the reason that the information filed before Justice Heald charged no crime known to our law.

As to defendant's guilt of any offense known to our laws under the facts disclosed by this record, a somewhat different question is presented. Defendant contends that, whatever civil liability he is subject to, he was guilty of no crime in purchasing the liquor for a minor.

2. SAME: purchase for minor.

This contention involves a consideration of our penal and civil statutes relating to the sale of intoxicants in force when defendant did the things with which he is charged. At that time the Code of 1897 provided, in substance, that " No person by himself, agent or otherwise, shall in any manner procure for or shall sell or give any intoxicating liquors to any minor for any purpose . . . or give to or in any manner procure for or sell the same to any intoxicated person or one in the habit of becoming intoxicated." And that any person violating this provision shall " forfeit and pay the sum of one hundred dollars for each offense, to be collected by action against him, or, if a permit holder, against him and the sureties on his bond. Such action may be brought by any citizen of the county, and

half of the amount so collected shall go to the informer and one-half to the school fund of the county." Code, section 2403. There was also a general statute forbidding the sale or keeping for sale of intoxicating liquors, except upon conditions and for certain purposes. See Code, sections 2382, 2383. But section 2403 was the only provision relating to sales or gifts to minors, and that manifestly provided nothing but a civil remedy. *Headington v. Smith,* 113 Iowa, 110.

The Thirty-second General Assembly passed an act (chapter 122), repealing section 2403 and enacting a substitute, making it a crime to sell or to give intoxicating liquor to minors. This act took effect April 13, 1907. The acts with which defendant is charged were committed in March of the year 1906, and, of course, chapter 122, of the Acts of the Thirty-second General Assembly cannot be applied to them. The Attorney-General contends, however, that defendant was properly convicted under section 2382 of the Code, as amended by Acts 28th General Assembly, chapter 74, which, as amended, in substance reads as follows: " No one  .   .   .   shall, for himself or any person else, directly or indirectly,  .   .   .   upon any pretense sell,  .   .   . keep for sale,  .   .   .   solicit, take, or accept any order for the purchase, sale,  .   .   .   or delivery of any such liquor or aid in the delivery or distribution of any intoxicating liquor so ordered or shipped." The gist of the contention here is that defendant accepted an order for the purchase, sale, or delivery of intoxicating liquor contrary to law. Manifestly that is not the charge contained in the information. The substance of the charge is that defendant did purchase and procure for a minor intoxicating liquors contrary to the statute with reference to sales of intoxicants to minors. That is quite a different thing from the acts necessary to constitute a crime under section 2382, as amended. The State must rely upon the acts charged, and not upon some other violation of the liquor law.

But were defendant charged under section 2382 of the Code as amended we think the facts fail to show that he was guilty of a violation thereof. It is not a crime to purchase liquors, although sold in violation of law. *Wakeman v. Chambers,* 69 Iowa, 170. So that defendant committed no crime in purchasing them. He did not resell them to the minor Stephenson, but at his instance and at his solicitation procured them for him. Had Stephenson purchased the liquor for himself, he would not have committed any crime, and when he requested another to do so he was not guilty of any unlawful act.

But it is argued that defendant accepted an order for the purchase of intoxicating liquor. This, of course, cannot be true, for defendant was not acting for the seller in any capacity whatever. In what he did he was acting as agent for the buyer, and he did not for himself or as clerk, servant, employé, or agent accept an order for the purchase of intoxicating liquor. Defendant was acting for the purchaser, and not for the seller. Criminal statutes are strictly construed, and we find nothing in the one relied upon by the State in force when defendant did the acts complained of to make defendant guilty. That statute relates to the seller, his clerk, agent, or employé, and not to the act of the buyer or his agent. It is clear that defendant did not represent the seller of the liquor, nor did he take any order for the purchase of liquor, as that term is used in the statute relied upon by the State.

Defendant was guilty of no crime known to our laws when the acts charged were committed, and he should not have been convicted.

The judgment must be, and it is, *reversed.*