## ORVAL DAVIS v. THE STATE.

### No. 3906. Decided April 22, 1908.

**Local Option—Charge of Court—Agency—Accommodation.**

Where upon trial of a violation of the local option law the evidence tended to show that the defendant acted as the agent of the prosecutor and merely to accommodate him in the purchase of intoxicating liquors in local option territory, it was error to refuse special charges on this phase of the case and to instruct the jury that the facts would constitute a sale. Following Hood v. State, 35 Texas Crim. Rep., 585 and other cases.

Appeal from the County Court of Smith. Tried below before the Hon. J. A. Bulloch.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*B. B. Beaird,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with selling whisky to the witness, Ware, the sale occurring in the City of Tyler. Ware inquired of appellant the whereabouts of George Francis whom appellant informed him had gone to the barbecue. A conversation ensued in which Ware told appellant that he wanted to see if George could get him some whisky. Appellant informed him that he thought he could get it for him. Ware requested appellant to do so and gave him $2 in silver out of which appellant was to take $1.25 with which to purchase a quart of whisky, appellant having informed him that that would be the price. Appellant handed 75 cents of the money back to Ware and went off with the $1.25, secured the whisky, returned and gave it to Ware.

It is further shown that the bottle of whisky actually cost $1.25 and was what is known as Anderson County whisky. Appellant had a prescription given him by Dr. Mead and used this prescription and the $1.25 of the money of witness Ware, in obtaining the whisky. Appellant made nothing by the transaction but did what he did as an accommodation to Ware. Appellant's evidence is to the effect that Ware induced him to get the whisky by informing him, appellant, that his, Ware's, wife was very sick and needed it. Ware denied this, however. Ware testified that he is a late addition to the force in the sheriff's office and as such was acting deputy and his peculiar mission was to ascertain violations of the local option law and that he has been rather diligent in the matter and that he had instituted several prosecutions, receiving costs as pay for his work. Appellant's contention is, that

Ware had, by the statement that his wife was sick, induced him to accommodate him, Ware, and that in order to do so, he took his money and bought the whisky on the prescription given him by Dr. Mead. The contention here of appellant is, that under the peculiar facts and circumstances of the case, it was not a sale on his part, and that it was not intended as a sale, but simply as an accommodation to the witness, Ware, and that Ware deliberately worked him into getting the whisky by means of these statements and his conduct in order to institute the prosecution. If Ware did induce appellant to get the whisky in order to work up a prosecution against him, such conduct is certainly to be deprecated. Officers ought not to lend themselves to originating and bringing about violations of the law in order to institute prosecutions and secure convictions, but on the contrary they should seek as far as is in their power to prevent violations of the law. Appellant contends that he was but the agent of Ware in purchasing the whisky and then only on the ground of humanity and as an accommodation to Ware on account of his sick wife. The court charged the jury as follows:

"If you find from the evidence beyond a reasonable doubt that defendant had a prescription from one J. J. Mead for whisky for defendant, and defendant with said prescription got in person the whisky from E. A. Norris, the party to whom said prescription was addressed and defendant took A. Ware's money and paid for the whisky, and delivered the whisky so obtained to A. Ware, this in law would constitute a sale by the defendant although defendant made no profit out of it."

Exception was reserved to this charge and the counter proposition was formulated in a special charge and asked to be given the jury but was refused by the court. The charge requested is as follows:

"You are further charged and instructed by the court that if you should believe from the evidence in this case, that the intoxicating liquors the defendant herein charged with unlawfully selling to the State's witness, A. Ware, was bought by the defendant from the prescription house of E. A. Norris for the said A. Ware, while acting as the agent of the said A. Ware, and by the request of the said A. Ware, and was paid for by the defendant, with money previously given to him for the said purpose by the said A. Ware, and was then delivered to the. said A. Ware by the defendant merely as an act of accommodation, and that the defendant had no other motive of interest in said transaction, other than to merely accommodate the said A. Ware, by the transaction, then. in that case, you should acquit the defendant or if you have a reasonable doubt as to whether that was true, then you should acquit the defendant and return a verdict of 'not guilty' although you should believe beyond a reasonable doubt from the evidence in the case, that at the time of said transaction the defendant then had on file a legal prescription issued by Dr. J. J. Mead in said E. A. Norris' prescription house and in the possession of the proprietor of same which would and did authorize said E. A. Norris to sell whisky to the defendant."

This charge was also asked: "At the request of the defendant, you

are further charged by the court that it is not a violation of the law for a person to act as the agent of another person in the purchase of intoxicating liquors in this State, nor to give away intoxicating liquors, nor to buy whisky from a person who is selling the same in violation of the law. So, if you should believe from the evidence in this case that A. Ware, the State's witness at the time charged, gave to the defendant $1.25, in money, and requested and instructed the defendant to go and buy him a quart of whisky and pay for it with the said $1.25, and bring him the whisky and that the defendant did so and had no other interest or motive than to accommodate the said A. Ware, in said transaction then in that case you should find the defendant, 'not guilty.' "

These charges were refused. The whole matter is presented on exception—the giving of the charge by the court and refusal of special instructions. This seems to be almost a parallel case with that of Hood v. State, 35 Texas Crim. Rep., 585, and what was said in that case, we think, might well be repeated here. For a discussion of the question, we refer to that case and on the authority of it, this judgment will be reversed. To the same effect is Vanarsdale v. State, 35 Texas Crim. Rep., 587; Wright's case, 35 Texas Crim. Rep., 581, and Thompson v. State, 34 S. W. Rep., 937.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.