H. H. SAWYER, Appellant, v. L. H. FRANK and ELIZA A. RICHARDSON.

**Intoxicating liquors:** NUISANCE: RESTAURANT KEEPERS. The proprietor of a restaurant whose patrons in ordering meals also include orders for liquors, and at his direction the waiters take the patron's money for the liquor and purchase the same elsewhere, returning with it to the restaurant and delivering and serving it to the patrons, is guilty of maintaining a liquor nuisance.

**Same:** AGENCY. Under the foregoing circumstances the waiters are the agents of the restaurant keeper and not of the patrons.

**Same:** DISPENSING ILLEGALLY. On petition for rehearing it is held that where a restaurant keeper, who, in serving meals to his patrons also serves intoxicating liquors to whoever orders and pays for the same, is illegally dispensing liquor within the meaning of the statute.
Deemer, J., dissenting.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, JUDGE.

SATURDAY, JUNE 10, 1911.

IN an action to enjoin the maintenance by defendant Frank of a liquor nuisance on premises belonging to defendant Richardson, with the knowledge of the latter, there was a decree for defendants, and from this decree the plaintiff appeals. *Reversed* and *remanded.*

*John F. Joseph,* for appellant.

*Henderson & Fribourg,* for appellees.

McCLAIN, J.—This case was submitted to the court

on an agreed statement of facts, from which it appears that defendant Frank is engaged in the business of running a restaurant on the premises described, leased by him for that purpose from defendant Richardson, and that Frank has not violated the liquor law in conducting his restaurant nor otherwise unless the following facts constitute such violation: That Frank serves to his patrons at the above-described premises intoxicating liquors, to wit, whisky, wine, beer, etc., to whomsoever orders and pays for the same as hereinafter set forth; that no liquor of any kind is kept in stock in the above premises or at any other place by said defendant for sale or otherwise; that whenever any patron of the restaurant has ordered a meal and then orders liquor to accompany the same, the defendant L. H. Frank calls one of his male employees, and said male employee goes to the customer, who gives said employee his order for liquor, and said customer gives the money for the liquor to said employee, and the defendant can show, subject to objection on the part of the plaintiff as to its being immaterial, irrelevant, and incompetent, that said employee then goes to a saloon nearby (in which the defendant is in no way interested), and purchases said liquor for said patron with the money given to him by said patron, and brings the same to the said patron in the restaurant and delivers and serves it to him there. It is further agreed that defendant can also show, subject to objection as to being immaterial, irrelevant, and incompetent, that in all instances the pay for said liquor is collected in advance, and the employee takes the money to said saloon and pays for the liquor there before it is delivered to said patron or patrons, and that no profit of any kind accrues to the defendant by reason of the foregoing. It is further agreed that for his own protection, and in order to prevent any question being raised as to the legality of such a transaction under the federal law, the defendant L. H. Frank keeps a federal

license or liquor stamp for the sale of intoxicating liquors at retail posted in his said place of business. It is further stipulated, subject to above objection, that defendant's evidence shows that said patrons are not, so far as the witnesses to that effect know, within the classes to whom the sale, dispensing, or giving of intoxicating liquors is prohibited by law.

In Code, section 2382 (which is now amended by the addition of provisions not necessary here to be considered, constituting Code Supp. 1907, section 2382), may be found by elimination of provisions of the section not applicable to the present discussion, the following provision: "No one by himself, clerk, servant, employee, or agent shall for himself or any person else, directly or indirectly, or upon any pretense or by any device, manufacture, sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in the evasion of the statute or keep for sale any intoxicating liquors, . . . or own, keep or be in any way concerned, engaged or employed in owning or keeping any intoxicating liquor with intent to violate any provision of this chapter, or authorize or permit the same to be done." In Code, section 2384, it is provided that: "Whoever shall erect, establish, continue, or use any building, erection or place for any of the purposes prohibited" in the section above quoted "is guilty of a nuisance, . . . and the building, erection or place or the ground itself in or upon which such unlawful manufacture or sale with the intent to sell, use, or give away said liquors is carried on or continued or exists . . . are also declared a nuisance." Such a nuisance may be enjoined in an action in equity. Code, section 2405.

I. From the stipulation of facts as above quoted, it appears that defendant Frank, in conducting the restaurant, and as a part of his business, through his regular employees, dispenses liquor to his patrons whenever de-

sired by them to be drunk on the premises in connection
with their meals, and thereby he maintains
a nuisance which the court in a proper ac-
tion should enjoin.    The charge of maintain-
ing a nuisance, as described in the statutory provisions
above referred to, does not necessarily involve either the
selling or the keeping for sale of intoxicating liquors.
The provision extends to the dispensing of such liquors
and the use of the word "dispense" in the alternative with
"manufacture, sell, exchange, barter" plainly indicates
that it is not intended to describe an act which is included
in selling, but, on the contrary, that the word is used to
describe an independent and distinct method of being con-
cerned in the disposal of such liquors.

*1. INTOXICATING LIQUORS: nuisance: restaurant keepers.*

It does not seem material to us that defendant dis-
penses liquors only to those who have previously or-
dered and paid the money for such liquors as they desire,
or that said defendant procures the liquors thus desired
from a mulct saloon where sales of liquors are authorized
and furnishes them to his patrons as thus ordered and
procured.    To hold that the defendant may thus furnish
liquors to patrons on his premises would, we think, coun-
tenance a plain evasion of the intent and provision of the
statute.    Prior to the enactment of the mulct law, it
would have been impossible for anyone to thus procure
and furnish intoxicating liquors.    Under the mulct law
the method of conducting a place where liquor may be law-
fully furnished is strictly regulated with the evident intent
that the place where liquors may be thus procured shall
not be provided with chairs or benches, and that there
shall be no music or other form of entertainment in such
place.    Code, section 2448.    If liquors may be dispensed
in the method pursued by defendant Frank, then persons
who desire to procure for immediate consumption on the
premises where procured any intoxicating liquors may do
so without any of the restrictions as to the method of

conducting the place which are imposed by the mulct law. We think no such evasion of the statute can be countenanced.

II. It is argued by counsel for appellee that the employees of defendant Frank, when requested by patrons of the restaurant to procure intoxicating liquors for which money is furnished them, are the agents or employees of such patrons for that purpose, and not the employees of Frank. The stipulation of facts does not justify this construction. It is clear under the statement that if an employee should misappropriate money thus furnished to him, Frank would be liable therefor. It is a part of the business which Frank is conducting to furnish liquors to his patrons when they pursue the method provided for the purpose, and his employees are assisting him under his direction and authority to carry on his business in this manner.

2. SAME: agency.

III. The argument for appellee is directed principally to a discussion of the question as to where the sale of the liquor to the patron takes place and by whom it is made. This discussion is wholly irrelevant to the case as we view it. The thing complained of in this action is the conduct of defendant Frank in maintaining a place which constitutes a nuisance, and, as already indicated, a place in which intoxicating liquors are dispensed is maintained as a nuisance, unless it is a mulct saloon conducted in compliance with law or a pharmacy where liquors are sold in compliance with provisions relating to permits which need not be here quoted. It occurs to us that there are no other places where intoxicating liquors may be lawfully dispensed to retail purchasers. We are not concerned with questions as to whether a saloon keeper may deliver liquors purchased in his saloon at some other place, or whether one person may, as agent for another in a particular instance, and not in pursuance of a regular course of business, lawfully procure liquor for such other person in a

saloon. We simply hold that defendant Frank, carrying on the business of dispensing liquor to patrons in his restaurant in pursuance of a general course of business, was maintaining a nuisance.

IV.   Cases relied on for appellee are not in point. Many of them relate to where a sale takes place. Others bear on the question whether it is unlawful for one person to act for another in a particular instance in the purchase of liquor at a mulct saloon, under circumstances which would render lawful the sale to the principal. Of the latter class is *State v. Smith,* 135 Iowa, 523, in which this court held that the crime of aiding in the unlawful delivery and distribution of intoxicating liquors was not committed by one who in a particular instance procured such liquor for a minor at his request. In *Goodrich v. Wheeler,* 145 Iowa, 289, the person held guilty of contempt in violating an injunction was the person who left a case of beer at his room to be called for by a purchaser. The case was one, therefore, which involved the question of unlawful sale.

V.   Something is said in argument as to whether the furnishing of intoxicating liquors by defendant Frank to his patrons was of pecuniary benefit to said defendant. It seems to us this is an immaterial question; but, if it were material, it would be plain from the stipulation that while defendant Frank realizes no profit out of furnishing the liquors, he is in fact conducting his restaurant as a matter of profit, and that the furnishing of liquors is incident to his business as he is conducting it. It must be clear, we think, that he is attempting to realize some pecuniary profit or advantage from conducting his business in this manner. If he attracts patrons who would not otherwise resort to his restaurant, he must be presumed to derive an advantage from furnishing meals which he would not otherwise furnish, although he derives

no immediate profit from furnishing the intoxicating liquors which accompany the meals.

We reach the conclusion that the facts shown in the stipulation establish the maintenance of a nuisance, and that an injunction should have been granted.

The decree of the lower court is therefore reversed, and the case is remanded for further proceedings not inconsistent with this opinion. *Reversed* and *remanded*.

DEEMER, J. (dissenting).—I can not agree to the conclusion that defendant is shown by the record to have been maintaining a liquor nuisance, and I think a wrong construction has been put upon the provisions of our Code, particularly upon section 2382, which is set forth in the opinion. That we may have the exact question before us, I here quote the material parts of the section upon which the majority rely: "No one by himself . . . or employee . . . shall for himself or any person else, directly or indirectly or upon any pretense or by any device, manufacture, sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in the evasion of the statute, or keep for sale any intoxicating liquors, . . . or own, keep or be in any way concerned . . . in owning or keeping any intoxicating liquor with intent to violate any provision of this chapter. . . ."

Section 2384 provides that whoever shall establish, continue, or use any building for any of the purposes prohibited is guilty of keeping a nuisance, etc. In order, then, that one may be found guilty of keeping a nuisance it must appear that he is using the building for some of the purposes prohibited in section 2382. The majority admit, as I understand it, that the defendant did not, by himself, agent, or employee manufacture, sell, exchange, barter, or give in consideration of the purchase of any property or of any services, any intoxicating liquor; but

it is asserted that he did, by himself and through agents
or employees, dispense liquor to others—that is, that he
did furnish them with liquor in his restaurant, and the
conclusion is reached that such furnishing is in violation
of law and made the place where the liquor was given a
nuisance.   This being a criminal statute, I do not believe
it should be given so broad an interpretation.   The word
"dispense" is susceptible of many constructions; but I
think it takes its meaning and gets its color from the
other words with which it is associated.   These words are
"manufacture, sell, exchange, barter, give in considera-
tion of the purchase of any property or of any services
intoxicating liquors."   It has never heretofore been held,
I think, to cover a gift of such liquor; nor has it been
thought to be a violation of law for one to take another's
money and buy liquor from a third person, he, the recip-
ient of the money, having no interest of any kind in the
liquors to be bought.   It is a gift based upon some con-
sideration which the statute prohibits, and it is no offense
for one to furnish another liquor in his own home, and I
do not understand that the statutes of our state prohibit
one from acting as agent for the buyer; he, the agent,
having no sort of interest in the liquors themselves.

Speaking to this point, and construing a statute even
broader than our own, the Supreme Court of Alabama
said, in *Amos v. State*, 73 Ala. 501: "The effective
words are 'sell, give away, or otherwise dispose of'—all
of which, in a general sense, found in this connection,
signify some act by which one person parts with, to an-
other, possession or ownership of property. . A sale *ex vi
termini* imports the transfer of personal property upon a
valuable consideration, and a gift imports a like transfer
gratuitously, or upon a merely good consideration.   The
more general words 'or otherwise dispose of,' following
the more specific or particular words 'sell or give away,'
upon a settled rule of statutory construction, a large leg-

islative intention not being clearly expressed, must be construed as extending only to a disposition *ejusdem generis* with a sale or a gift. They are not to be extended to any and every act which may be said to be a disposition. . . . It would be a departure from the rule, not necessary to give effect to the legislative intent, and not within it, to give the general words 'or otherwise dispose of' a meaning so loose and expansive as to include within them any act not akin to a sale or gift, not intended as, and not having in it any of the properties of, a parting with property by one person to another."

Again, in *Maples v. State,* 130 Ala. 121 (30 South. 428), the same court said: "The evidence upon the trial was that one Allison asked defendant if he thought he could get him some whisky, and, upon receiving an affirmative reply, gave defendant fifty cents, who went away, returning in a short time with one pint of whisky, which he delivered to Allison without reward for his services. On this proof the court gave the affirmative charge with hypothesis for the state. In this there was error. The evidence failed to disclose a sale."

Again, in *Maxwell v. State,* 140 Ala. 131 (37 South. 266), the same court said: "Upon a consideration of all the evidence, our conclusion is that it simply established the fact that the defendant, in getting and delivering the whisky, was not acting for his father at all, but for Harmon. The case, therefore, belongs to that class of cases where the defendant acted only as the agent or friend of the purchaser in procuring the whisky. In all such cases it has been uniformly held by this court that a conviction can not be had. *Bonds v. State,* 130 Ala. 117 (30 South. 427)."

It clearly appears in the case now before us that the defendant had no interest whatever in the liquor; that he made no sales; that he simply acted as agent for the buyer in the purchase of the goods and had no commission

or other return from the owner of the property. That he
may have received some benefit from his principal, the
purchaser of the liquor, does not, as it occurs to me, make
him guilty. I do not believe that one is guilty of a viola-
tion of our statute who acts for another in the purchase
of liquor from some third party, no matter whether he
does it as a matter of friendship or upon compensation
paid. To be amenable to the law, it seems that he
should either own the liquor, act as agent for the owner,
or have profit of some sort from the sale emanating
from the man who owns the property. It is not enough
to show that he furnished it to another as a gift, or that
at the request of another he purchased it from some
stranger for such other. It is familiar doctrine that where
words are associated as they are in the section now before
us for consideration, they should be construed as *in pari
materia*. Without going to our own cases, I think we
have heretofore held that the statute does not cover the
mere furnishing of liquor to another; that it does not
cover gifts; and that it does not apply to one who acts for
another in the purchase of liquor from a stranger, the con-
sideration, if there be any, passing from the purchaser.
Ordinarily, one would not perhaps be justified in dissent-
ing from the construction placed upon such a statute; but
it seems to me the decision is so far reaching that we
may well pause before announcing so rigid a rule as the
majority have promulgated, and I feel sure that the pro-
fession in general have never put such an interpretation
upon the statute, and that the announcement will cause
considerable surprise and confusion. If it once be admit-
ted that one may act as agent for a purchaser in buying
liquor, he having no interest whatever and receiving no
benefit from the owner of the goods, it can not be that
his act is unlawful because he delivers it to the purchaser
at any specific place.

Again, if the proprietor of a restaurant may himself

take one of his customers' money, go out, and purchase liquor for him from someone authorized to sell and deliver it to the buyer in his place of business, he can instruct his clerks to do the same thing without violating the law. Moreover, if the majority are right in their construction of this statute, one is guilty of maintaining a nuisance who allows his clerks to go out and purchase liquors from a stranger at the request of another, which other furnishes the money for the goods, although he, the principal, has no interest whatever in the transaction. I do not believe this was the thought of the Legislature, and, while I do not believe in opening the way for a violation of our liquor laws, I still think that there is nothing in them which prevents gifts of liquor by one to another, nothing which prohibits one from acting as agent for a purchaser who has no interest in the goods himself, and that the term "dispense" does not mean the mere furnishing of liquor. It seems to me that the word must be construed with reference to the others with which it is conjoined, and that the dispenser must have some interest in the goods or receive some benefit from the man who owns them before he can be said to have violated the law. Under the construction of the majority, it looks to me as if all gifts of liquor are now held to be unlawful, and that it is impossible for one to take another's money and as his agent go out and purchase liquors for him, particularly if delivery be made in some building. For the purpose of construing the statute, it does not seem to me to be material whether the delivery be made upon the street or in a building. The real question is, as I view it: May one act as agent for the purchaser of liquor without being subject to the penalties prescribed by the statute? Nor do I think it material that the agent of the purchaser receives some benefit from the purchaser, so long as this is not received from the owner of the goods. In other words, one may receive compensation from the purchaser for his services

for him without being guilty of an offense. If the majority are correct, and the proprietor of a hotel allows his porter to take money from one of his guests and go out and buy liquor and deliver it to the guest in the hotel, he, the hotel keeper, is guilty of maintaining a nuisance, and this I take it whether a tip be given to the porter or not. I do not think it makes any difference in such a case whether the porter receives a fee from the guest or does it as a mere gratuity. In either event, neither he nor his employer is guilty of dispensing liquor. This illustration points out the difficutly and emphasizes the difference in the views entertained by the majority and minority of the court. I think the decree should be affirmed.

## SUPPLEMENTAL OPINION.

### WEDNESDAY, OCTOBER 25, 1911.

McCLAIN, J.—In a petition for rehearing counsel for defendants quote from standard authorities various definitions of the verb "dispense," insisting that such definitions do not sustain the conclusion of this court holding that Frank's method of doing business constituted a dispensing of liquors within the meaning of the statute. Some of the definitions relied upon are as follows: "To deal out in portions; to distribute; to give." Webster's New International Dictionary. "To deal out; to apportion; to distribute. To dispense is to deal out generally or indiscriminately; to distribute, to deal out to, or divide among individuals." Worcester's Dictionary. "To deal or divide out; give forth diffusively, or in some general way; practice distribution of." Century Dictionary. Under a charge of "selling or dispensing" intoxicating liquors in violation of an ordinance, it was held in *Johnson v. Chattanooga,* 97

3. SAME: dispensing illegally.

Tenn. 247 (36 S. W. 1092), that the giving away of liquors constituted a dispensing.

Now, it appears from the agreed statement of facts that Frank in conducting his restaurant business "serves to his patrons at the above-described premises intoxicating liquors . . . to whomsoever orders and pays for the same," the ordering being accomplished by communicating through the waiters to Frank the desire to have intoxicating liquors served, the payment being made by giving the money necessary to the waiter who fills the order in accordance with Frank's directions. We think it is plain that within the definitions above quoted Frank distributes liquor generally and indiscriminately to all his patrons as such liquors may be desired. He gives forth liquors diffusively or in some general way. He practices the distribution of liquors. In short, he dispenses liquors to all that class of persons constituting his customers who desire such liquors. We think it is true, therefore, beyond question, that Frank in the conduct of his business violates the statutory prohibition against selling and dispensing intoxicating liquors.

We are not discussing in this case the liability of a waiter who fills a paid order for a customer on his own responsibility. We are discussing the case of one who makes it a part of his business to furnish liquors to all his patrons who desire them. This distinction so clearly differentiates the case from that of *State v. Smith,* 135 Iowa, 523, the sole case now relied on for defendants, that further discussion of that case as the only authority in this state directly in point would seem to be unnecessary. In that case but one transaction was involved, and there was no question of a course of business and no state of facts which could by any stretch of the imagination be construed as showing a dispensing of liquors within the language of the statute.

We adhere to the reasoning and conclusion announced

354 CAPITAL CITY B. & P. CO. v. DES MOINES. [152 Iowa

in the original opinion, and the petition for rehearing is overruled.

DEEMER, J. (dissenting).—The filing of this supplemental opinion gives me an opportunity not otherwise available of citing authorities in support of my original dissent, which were not at hand when the opinion was filed. They are as follows: *Roberson v. State*, 100 Ala. 37 (14 South. 554); *Whitmore v. State*, 72 Ark. 14 (77 S. W. 598); *Davis v. State*, 53 Tex. Cr. R. 373 (109 S. W. 938); *Hood v. State*, 35 Tex. Cr. R. 585 (34 S. W. 935); *Wright v. State*, 35 Tex. Cr. R. 581 (34 S. W. 935, 936); *Brignon v. State*, 37 Tex. Cr. R. 71 (38 S. W. 786); *Treue v. State* (Tex. Cr. App.), 44 S. W. 829; *Skidmore v. Commonwealth* (Ky.), 57 S. W. 468; *Hoskins v. Commonwealth* (Ky.), 102 S. W. 276. In the light of this array it is quite natural that I should adhere to my dissent and vote in favor of a rehearing.