W. C. BARBER, Appellant, v. KIRKWOOD HOTEL COMPANY et al., Appellants.

INTOXICATING LIQUORS: Injunction—Serving at Hotel—What Constitutes Selling, Bartering, etc. The proprietor of a hotel neither ''sells, barters, gives away or dispenses'' intoxicating liquors within the meaning of Sec. 2382, Sup. Code, 1913, (a) by permitting guests to drink such liquors with their meals, which liquors they themselves brought to the hotel, or (b) by permitting the waiters to serve to guests liquors so brought to the hotel by the guests, or (c) by the unauthorized and forbidden act of waiters going out and buying liquors for guests, which guests sometimes paid for in advance and sometimes when the same was delivered, or (d) by the act of a tenant of the hotel going out and buying liquor for such guests, the proprietor keeping no liquors and deriving no advantage from such supplying of liquors, and, therefore, cannot be enjoined.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

FRIDAY, MARCH 19, 1915.

Suit to enjoin an alleged liquor nuisance resulted in the dismissal of the petition. The plaintiff appeals. *Affirmed.*

*M. S. Odle,* for Appellant.

*Halloran & Starkey,* for Appellees.

LADD, J.—The defendant corporation, of which Veitch is president and manager and Kane secretary, operates the Kirkwood Hotel in Des Moines, and connected therewith is a dining room or cafe on one side and two smaller rooms on the other, used for like pur- poses. The evidence disclosed that some of the customers when eating meals in these rooms drank beer and whiskey, but that the business of defendant was serving meals without these. Sometimes the customer brought the liquor with him, but oftener ordered it of a waiter who either went out and procured it elsewhere or had one Sharp, who had a taxicab desk in the lobby, pro- cure it for him. Payment was sometimes made by the guest in advance and at other times when the liquor was brought to him. This was generally done through the head waiters, and those attending guests poured the beverage in the glasses. The only connection of Sharp with defendants was that of tenant. The waiters were instructed by defendant not to purchase liquors for guests but allowed to serve that brought in by them and it is to be inferred from the record that this accounts for Sharp's connection with purchasing. It also appeared that guests sometimes had bell boys go out and procure whiskey for them and bring it to their rooms, but this was con- trary to the boys' instructions. No liquors were kept by the company or Veitch and no advantage derived by either from supplying it to guests and the only benefit derived therefrom by Kane was from purchases made at his saloon near by.

The contention of plaintiff is that defendants in what was

1. INTOXICATING LIQUORS: in- junction: serv- ing at hotel: what consti- tutes selling, bartering, etc.

done violated Section 2382 of the Code Supplement, which, in so far as material, reads: ''No one, by himself, clerk, servant, employe, or agent, shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, manufacture, sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in evasion of the statute, . . . or solicit, take, or accept any order for the purchase, sale, shipment, or delivery of any such liquor, or aid in the delivery and distribution of any intoxicating liquor so ordered or shipped.''

Under the facts disclosed, it could not well be claimed that defendants sold, bartered or gave to another. If they did anything, it was by way of indirectly dispensing. We do not think they were doing even that much, either through waiters or bell boys. The case is clearly distinguishable from *Sawyer v. Frank,* 152 Iowa 341, where it was stipulated that the defendant served to his patrons intoxicating liquors and that he attended thereto personally. Here whatever liquor may have been purchased by employes directly or through Sharp and by them served at the tables or obtained by bell boys was procured contrary to the instructions and without the authority of defendants. True, they may have known that liquors were being drunk at the tables but there is not a particle of evidence tending to show that they were aware that this was other than that procured by guests, independent of any agency on their part. The case is like those cited in the dissenting opinions in *Sawyer v. Frank,* supra, holding that what was done does not constitute selling, bartering or giving under Sec. 2382 of the Code. See also *State v. Smith,* 135 Iowa 523. In *Stromert v. Johnson,* 144 Iowa 682, relied on by appellant, a permit to sell for medical purposes had been granted to a pharmacist; and so handling the trust as that a clerk unauthorized gained access to the liquors and sold therefrom was held to render him responsible for the illegal sale. However, Sec. 2401 of the Code declares permit holders responsible for sales by clerks, and this would be another

ground for that holding. As the defendants were not guilty the petition was rightly dismissed.—*Affirmed.*

Deemer, C. J., Gaynor and Salinger, JJ., concur.